[Civ. No. 2609.   Second Appellate District, Division One.—December 19, 1918.]

LAURA HEBERT, as Administratrix, etc., Respondent, v. BYRON JACKSON IRON WORKS (a Corporation), Appellant.

NEGLIGENCE—PLEADING—AMENDMENT OF COMPLAINT—SUBSTITUTION OF PARTY.—In this action commenced under section 377 of the Code of Civil Procedure by the widow and the father of a deceased person to recover damages for his death, alleged to have been caused through the negligence of an employer, the court did not err in allowing the filing of an amended complaint substituting the widow as administratrix as sole plaintiff.

ID.—EMPLOYER AND EMPLOYEE—DEFECTIVE HOISTING APPARATUS—LIABILITY OF EMPLOYER.—Where the defendant, in an action for death by negligence, had contracted to install a pump in a well for the owner of a ranch, and, under the terms of his contract, was permitted to use and did use hoisting apparatus belonging to the owner of the ranch, which apparatus proved to be defective, so that
39 Cal. App.—14

while the plaintiff, an employee of the defendant, was being lowered into the well-pit by means of a bucket forming part of the apparatus, the bucket became detached and fell with the plaintiff who was killed, the defendant was liable notwithstanding the fact that the apparatus was furnished to the defendant by the owner of the well.

Id.—Res Ipsa Loquitur.—In this case the circumstances of the accident were of such a nature as to constitute *prima facie* evidence of negligence.

APPEAL from a judgment of the Superior Court of Los Angeles County. Frederick W. Houser, Judge. Affirmed.

The facts are stated in the opinion of the court.

Harry A. Hollzer and Hickcox & Crenshaw for Appellant.

John W. Murphy and C. W. Byrer for Respondent.

JAMES, J.—Appeal from a judgment entered in favor of the plaintiff and from an order denying defendant's motion for a new trial.

The action was brought to recover damages alleged to have been suffered by reason of the death of the husband of Laura Hebert, which in the complaint, it was asserted, was caused by the negligent omission of the defendant to supply safe means and utensils to its servant, who was killed. The accident, which caused the death of Roy L. Hebert, occurred while deceased was in the employ of the defendant and engaged in the work of installing a pump in a well-pit. A bucket attached to a hoist was being used to lower men and material into the well, and while Hebert and another man were in the act of being lowered on the bucket into the pit, the bucket became detached from the hoist and fell to the bottom of the well. Both men were killed. This action was first commenced with Laura Hebert and Eloi Hebert as plaintiffs. Eloi Hebert was the father of the deceased. After evidence had been introduced on behalf of the plaintiffs, defendant made a motion for judgment of nonsuit, one of the grounds of said motion being that plaintiffs were not proper parties and that there was a misjoinder of parties plaintiff. Counsel for plaintiffs asked leave to file an amended and supplemental complaint, in which the same facts were alleged as to the employment and death of Hebert. In the amended

complaint, however, Laura Hebert, as administratrix, was named as the sole plaintiff, supplanting Laura Hebert and Eloi Hebert, named in the caption of the original complaint. Defendant objected to leave being granted to file the amended complaint. The objection was overruled, and the motion for judgment of nonsuit was denied. It was stipulated that a demurrer pleading the statute of limitations against the amended complaint should be considered as interposed and overruled, and also that the facts pleaded in said amended complaint be deemed denied and the same defenses pleaded as to the original complaint. The trial then proceeded to its close.

Appellant contends that the court erred in allowing the amended complaint to be filed, insisting that by the substitution of parties, as made, the effect was to create a different case from that alleged in the original complaint; that it was not within the scope of legitimate amendment of the pleading to allow that to be done. Defendant also insists that because of this change its plea of the statute of limitations should have been sustained. If we were to agree with appellant that the substitution of the widow as administratrix in the place of the widow named in her own right and the elimination of the father of the deceased as a party made a different suit, then it is clear that the amendment should not have been permitted; and if formally allowed, the bar of the statute would be a good plea thereto. Evidently, when the action was brought, plaintiffs assumed that full authority sustaining the right in the individual plaintiffs was to be found in section 377 of the Code of Civil Procedure. That section, in brief, provides that when the death of a person not a minor is caused by the wrongful act or neglect of another, his heirs or personal representatives may maintain an action for damages against the person causing the death, or against his employer, if he has one. The section is one that has been a part of the code since 1874. Prior to 1907, in the chapter dealing with the relation of master and servant, section 1970 of the Civil Code, contained terms limiting the responsibility of the employer when the servant suffered injury through a risk incident to the business or through the negligence of a fellow-servant. In 1907 the legislature made extensive additions to the section, enlarging the liability of the employer. As amended, the section contained the following provision:

"When death, whether instantaneous or otherwise, results from an injury to an employee received as aforesaid, the personal representative of such employee shall have a right of action therefor against such employer, and may recover damages in respect thereof, for and on behalf, and for the benefit of the widow, children, dependent parents, and dependent brothers and sisters, in order of precedence as herein stated, but no more than one action shall be brought for such recovery." The question as to whether the amendment to section 1970 is to be looked to as furnishing the sole authority for the bringing of an action to recover for the death of a person caused by the negligence of his employer, has not been directly decided by our supreme court. The court did say, in *Pritchard* v. *Whitney Estate Co.*, 164 Cal. 564, [129 Pac. 989] : "We do not consider it necessary in this case to determine the precise extent to which section 1970 may prevail over section 377 so far as they respectively authorize actions for injuries causing death. The latter is general, applying to all persons. The former applies only to injuries arising out of the relation of employer and employee. So far as injuries arising out of that relation are made actionable where death ensues, where they were not actionable before, section 1970 is now the only statute authorizing the action." As to persons included within the provisions of the two sections for whom damages are permitted to be recovered, there is a difference—by section 377 the recovery plainly is for the heirs generally. It has been held that, within the meaning of that section, the word "heirs" is used in a common-law sense and includes all persons capable of inheriting from a deceased person generally. (*Redfield* v. *Oakland C. S. Ry. Co.*, 110 Cal. 277, at p. 290, [42 Pac. 822, 1063].) The terms of section 1970 of the Civil Code, limit the parties plaintiff to the personal representative of the deceased, and limit also the persons who are entitled to share in the damages to "widow, children, dependent parents, and dependent brothers and sisters, in order of precedence as herein stated, . . . " Under the latter section, a husband, for instance, would not be entitled to recover damages for the death of his wife. If we are to assume, and the assumption seems consistent with reason, that the legislature intended to establish the measure of obligation owing by an employer to an employee in cases of injuries suffered by the latter, and also to designate all per-

sons who should be held to have sustained legal damage in case of his resulting death, then section 1970 of the Civil Code, should be held to work a repeal of section 377 of the Code of Civil Procedure, in so far as the cause of action looked to the circumstances growing out of the relation of master and servant. The intimation of the supreme court made in the paragraph quoted from *Pritchard* v. *Whitney Estate Co., supra,* goes in that direction, but does not positively so affirm. However, the questions as to the right of a court to allow such an amendment as was here made, and whether the stopping of the running of the statute of limitations should be fixed at the date of the filing of the original complaint or of the amended complaint, have been directly considered and passed upon in this state, although it may be admitted that there is authority in the decisions of other states which is not in harmony with these cases. While the subjects in an abstract way seem to present fair ground for debate, we consider that the cases holding against contentions like that made by appellant here furnish a reasonable rule to be adopted in determining those issues. We refer to the case of *Cox* v. *San Joaquin Light etc. Co.,* 33 Cal. App. 522, [166 Pac. 578], and the case therein cited; *Reardon* v. *Balaklala Consolidated Copper Co.,* 193 Fed. 189. The elimination of the father as a party plaintiff could result in no detriment to the appellant. No proof was offered tending to show that the father was dependent upon the deceased son; the testimony was directly contrary as to the fact. Furthermore, by the express provision of section 1970 but one action could be brought for damages for the cause alleged; hence the prosecution of the suit by the administratrix would bar a similar right of other persons beneficially interested. The assertion by appellant that one effect of permitting the amendment to be made was to deprive it of the right to interpose the defense of assumption of risk and contributory negligence, is hardly pertinent. At the time this accident occurred, what was known as the Roseberry Act (Stats. 1911, p. 797), was in effect, and under the provisions of that act in all actions of this kind, under whatever section brought, the comparative negligence rule is imposed, and the fellow-servant and assumed risk defense entirely taken away. (*Reynolds* v. *E. Clemens Horst,* 35 Cal. App. 711, [170 Pac. 1082].)

Upon the facts of the case defendant claims that no liability was shown. To give point to this argument two propositions are urged: 1. That the evidence showed the instrumentality by reason of the faulty operation of which Hebert was killed, was not furnished by defendant; 2. Assuming that the instrumentality was under the control of defendant, the evidence was insufficient to show any negligent act or omission on its part. The first point may be very briefly disposed of. Defendant contracted to install a pump in a well-pit on a ranch owned by one Ford, and there being a hoisting apparatus on the ranch, as a part of its contract with Ford, defendant was to have furnished for its use the hoist, together with a man to operate it. This hoist was so furnished, and while it was being used by the defendant and at the time the accident occurred, it was wholly subject to the direction and control of the defendant. The manager of the ranch testified that it was optional with the defendant to use the hoist or not, as it chose. It would suggest a legal absurdity to say that an employee of defendant, being in the course of his work required by the defendant to make use of a particular instrumentality, could not, in the event of injury by reason of the insufficient character of the instrument, recover from his employer; that the employer could escape liability by saying to its employee: "I required you to use the defective tool which has caused you injury; I had the right to make it safe and keep it in repair, but it was loaned to me by another person, therefore I am not responsible." The bare statement of the proposition seems to furnish its own answer. Proceeding, then, to appellant's second contention: The evidence in the case showed that a large bucket attached to a cable contrivance was used to carry men and material from the surface of the ground to the bottom of the well, which was between two hundred and twenty-five and two hundred and thirty feet deep. At the cable end over the well was an iron hook and the bail of the heavy bucket was hung in this hook. Across the open end of the hook a wire contrivance was placed for the evident purpose of keeping the bail of the bucket from being pushed out of the hook. At the time of the accident the bucket was on the surface and was being loaded with timbers two by six inches and about five feet in length. The bucket was about two feet across its top and about two feet deep. The timbers were placed endwise and extending upward from the bottom of the

bucket. Hebert, the deceased, was engaged in this work, assisted by one Sanders, his immediate superior, or the "boss" in charge of that shift. The two, after loading the bucket with timbers, about six in number, swung the bucket over the pit and Sanders, the boss, stepped on one side of it and told the deceased to get on the other side, saying, "Let's go down and finish this up." At that moment the bucket became detached from the hook and fell to the bottom of the well, carrying the two men with it and killing them, as has been narrated. After the accident, both the bail of the bucket and the hook were found intact, but the piece of galvanized wire (No. 9), which had been tied across from the point of the hook to the back of it, was gone. We think these facts were sufficient to authorize the jury to find that defendant was negligent. It appeared that the wire fastening across the open part of the hook was of small kind—ordinary galvanized wire—and that it was merely tied or twisted into its place. The loading of six timbers, two inches thick and six inches wide, extending five feet above the bottom of the bucket, might reasonably and under careful handling cause the small wire over the hook to become displaced and the hook itself to be pushed off the bail, a happening which would not have occurred had the defendant used a more secure covering over the open part of the hook. That it could have been made perfectly secure without resort to any unusual appliances, admits of no doubt from the testimony. We think the case is one proper for the application of the rule that the circumstances of the accident were of such a nature as to constitute *prima facie* evidence of negligence. (*Ingalls* v. *Monte Cristo Oil Co.*, 23 Cal. App. 652, 662, [139 Pac. 97].)

We have carefully examined the instructions as given by the court in its charge to the jury and think that, taken as a whole, they contained a correct statement of the law applicable to the case under the statutes in existence at the time of the accident governing the responsibility of an employer to his employee.

We find no prejudicial error in the record which would justify a reversal.

The judgment and order are affirmed.

Conrey, P. J., and Myers, J., *pro tem.*, concurred.