[Civil No. 1568. Filed April 11, 1922.]

[205 Pac. 904.]

RILEY BRYAN, Administrator of the Estate of ALLEN BRYAN, Deceased, R. E. BRYAN and JULIA BRYAN, Appellants, v. INSPIRATION CONSOLIDATED COPPER COMPANY, a Corporation, Appellee.

1. DEATH—PARENTS OF UNMARRIED EMPLOYEE PROPER PARTIES TO ACTION.—Under Employers' Liability Act (Civ. Code 1913, par. 3158), an action for the death of an employee without a widow or children surviving must be brought by his surviving parents or next of kin, and cannot be maintained by his administrator.

2. Appeal and Error—Deceased Employee's Administrator may Appeal from Order Denying Application to Substitute Decedent's Parents as Parties Plaintiff.—A deceased employee's administrator, who brought suit against the employer on behalf of deceased's parents, may appeal from a judgment for defendant and an order denying his application to substitute the parents as parties plaintiff, though, having no right to sue under Employers' Liability Act (Civ. Code 1913, par. 3158), he had no interest in the cause of action; the judgment disposing of the parents' rights as well as his own as their supposed trustee.

3. Appeal and Error—Appeal Lies from Denial of Motion to Substitute Parties Plaintiff, Though Formal Order was not Made Until After Judgment.—In an administrator's action for the death of an employee, where the court granted defendant's motion for judgment notwithstanding the verdict, and denied plaintiff's motion for leave to substitute deceased's parents as parties plaintiff, an order entered November 20th, but directed to be entered as of September 27th, denying the motion to substitute, was not ineffectual because made after judgment, not appealable in itself under Civil Code of 1913, paragraph 1227, subdivision 6, or insufficient as a *nunc pro tunc* order or to indicate that it was actually made on September 27th; the denial of plaintiff's motion necessarily implied from the fact of ordering judgment for defendant being itself subject to review without a formal order.

4. Parties—Application for Substitution of Parties Plaintiff may be Made After Verdict.—Under Civil Code of 1913, paragraph 422, providing that a pleading may be amended at any stage of the case, an application for substitution of parties plaintiff may be made after verdict.

5. Master and Servant—Limitation Affects Right of Action as Well as Remedy.—A limitation of time to sue in a statute creating a right of action such as that for the death of an injured employee under Employers' Liability Act (Civ. Code 1913, par. 3162), relates not merely to the remedy, but to the right created, and the bringing of the action within the time specified is essential.

6. Limitation of Actions—Substitution of Proper Parties Plaintiff Should be Allowed After Expiration of Limitations if No Change in Cause of Action.—In an action under Employers' Liability Act (Civ. Code 1913, par. 3158), by the administrator of a deceased employee against the latter's employer, an amendment, substituting decedent's parents as parties plaintiff, should be allowed, though such substitution is sought after the expiration

6. On general rule of relation of new pleadings to statute of limitations, see notes in 3 L. R. A. (N. S.) 259; 33 L. R. A. (N. S.) 196; 47 L. R. A. (N. S.) 932.

of the time for bringing the original action, unless the result will be to change or substitute a new cause of action.

7. PARTIES—INDIVIDUAL MAY BE SUBSTITUTED FOR PERSONAL REPRESENTATIVE AS PARTY PLAINTIFF, THOUGH BOTH ARE SAME PERSONS. An individual plaintiff may be substituted for a personal representative when the cause of action rests in the former, whether the two are the same or different persons.

8. JUDGMENT—NOTWITHSTANDING VERDICT, CANNOT BE RENDERED ON GROUND OF INSUFFICIENCY OF EVIDENCE.—That the verdict was not sustained by the evidence cannot be the basis of an order setting aside the verdict and directing judgment notwithstanding it, in the absence of statutory authority.

9. DEATH—PARENTS OF DECEASED MAY BE SUBSTITUTED AS PARTIES PLAINTIFF IN ADMINISTRATOR'S ACTION.—An amendment, substituting a deceased employee's parents as parties plaintiff, in an administrator's action under Employers' Liability Act (Civ. Code 1913, par. 3158) for death, was improperly refused, in the absence of some showing of prejudice to the rights of defendant.

10. PARTIES — AMENDED COMPLAINT SUBSTITUTING PARENTS OF DECEASED IN PLACE OF ADMINISTRATOR HELD NOT TO STATE DIFFERENT CAUSE OF ACTION.—In an administrator's action under Employers' Liability Act (Civ. Code 1913, par. 3158), for the death of an injured employee, an amended complaint, alleging that the latter was unmarried, left no wife or children surviving, and that his parents, instead of the administrator, sustained damages, *held* not to state a different cause of action than that alleged in the original complaint, which averred that decedent's estate and plaintiff as administrator thereof sustained damages in the sum alleged, and that the action was brought for the benefit of his surviving parents.

11. APPEAL AND ERROR—ON ENTRY OF JUDGMENT FOR APPELLANT ON REMAND FOLLOWING REVERSAL, APPELLEE MAY MOVE FOR NEW TRIAL AND TAKE SUBSEQUENT PROCEEDINGS.—On reversal of a judgment for defendant notwithstanding the verdict, defendant, when the case is remanded and judgment entered on the verdict for plaintiff, has the same right to move for a new trial and take subsequent proceedings as if judgment had been so entered in the first instance.

APPEAL from a judgment of the Superior Court of the County of Gila. G. W. Shute, Judge. Judgment of lower court reversed.

ON REHEARING.

For former opinion, see 20 Ariz. 485, 181 Pac. 577.

Messrs. Baker & Baker, Mr. A. C. McKillop, and Mr. F. C. Struckmeyer, for Appellants.

Mr. E. W. Rice, for Appellee.

PATTEE, Superior Judge.—This case was once heard and the judgment appealed from affirmed. 20 Ariz. 485, 181 Pac. 577. A rehearing was thereafter granted, and the cause submitted upon additional briefs and oral argument. The action was brought by Riley Bryan, as administrator of the estate of Allen Bryan, deceased, to recover damages caused by the death of the intestate under the Arizona Employers' Liability Act (Chapter 6, tit. XIV, Rev. Stats. 1913). The defendant appeared and answered, and the cause was thereafter tried, resulting in a verdict in favor of the plaintiff for the sum of $10,000. After the verdict was returned, but before judgment, the defendant moved for judgment in its favor notwithstanding the verdict, and thereafter, and before the rendition of any judgment, the plaintiff moved for leave to substitute the parents of the deceased as plaintiffs in lieu of the administrator, and for leave to file an amended complaint accordingly. These motions were heard before the trial court, and on September 27, 1916, it was ordered that the verdict of the jury be vacated and set aside, and that judgment be rendered in favor of the defendant. Thereafter, and on the twenty-seventh day of September, 1916, judgment was entered in accordance with this order. On November 20, 1916, a formal order was entered, denying the application to substitute the parents as parties plaintiff, and directing such order to be entered as of September 27, 1916, the day when the judgment was entered in favor of the defendant. From this order and from the judgment in favor of the de-

fendant the administrator and the parents have appealed to this court.

The appellants urge that the action of the court below was erroneous, first, in that the administrator was the proper party to maintain the action. This question was heretofore passed upon, and no reason is perceived for disturbing the decision before made. In fact, no serious claim is made by the appellants that the action could be maintained by the administrator. Paragraph 3158, Revised Statutes of 1913, is incapable of any other interpretation than that the action must be brought by the personal representative in cases where there is a surviving widow or husband and children; if none, by the surviving parents or next of kin, and again, by the administrator for the benefit of the estate if none of those in the preceding classes are in existence. However illogical this provision may be, or however lacking in apparent reason, the law is so written. The legislature created a new right of action, and had a right to provide for its enforcement in any manner that might be deemed proper, and it is useless to speculate as to the reasons for requiring the action to be brought in some instances by the administrator alone and in some by the parties suffering the damage. In view, however, of the long existence of statutes providing that in cases of injuries causing death an action might be maintained by the personal representative, and the not altogether clear language of the Employers' Liability Act, the mistake in supposing that the proper person to bring the action was the administrator was an explainable one, and it is not altogether surprising that such mistake was made even by the distinguished practitioner who represented the plaintiffs in this case.

23 Ariz.—35

The question ably and at length discussed at the rehearing, both orally and by brief, is whether the court erred in denying the right to substitute the parents in place of the administrator, and as a necessary consequence thereupon render judgment on the verdict in favor of the substituted plaintiffs. Preliminary, however, to a discussion of that question some matters urged by counsel for the appellee in its briefs should be disposed of, and, first, it is insisted that neither the parents nor the administrator has the right to appeal; the parents because while they endeavored to become substituted plaintiffs, never succeeded in doing so, and hence they never became parties to the action, and the administrator because he has no interest in the cause of action, and is therefore not aggrieved by any disposition that might be made of the case. The result of this would be the peculiar situation that a final judgment has been rendered, exonerating the defendant from liability, and finally disposing of any claim that might be made on account of the death of the deceased, a judgment which in its nature is subject to review by this court, and yet no one is in a position to seek such review. While the position of the appellee may appeal to the severely logical, yet the argument made must yield to the practical application of the statutes allowing the right of appeal. Surely a judgment finally disposing of the rights of all parties, and sufficient in matter in controversy to enable the party aggrieved to invoke jurisdiction of this court, must be reviewable upon the appeal of some one. Here the parties, both administrator and parents, have joined in the appeal. If therefore the case can be reviewed at all, the proper parties are before the court. The administrator brought the action, not for his own benefit, but on behalf of the parents of the deceased,

as will be presently more fully discussed. The judgment disposes of the rights of those parents, as well as the rights of the administrator as their supposed trustee; and, while there is much force in the argument that the parents themselves, never having become ·parties to the action, but having ,been ex-· cluded from the claimed right, are not in a position to seek a review of the judgment, yet the administrator, having made application to have the parties for whom he assumed to act substituted in his place, and having had that application denied, may seek relief at the hands of the court of last resort, and a determination of whether the right which he claimed was improperly denied. The question does not seem to have arisen in most of the numerous cases cited by counsel which involve the right to substitute one plaintiff for another, but in the case of *Pugmire* v. *Diamond Coal & Coke Co.*, 26 Utah 115, 72 Pac. 385, the statement is made that:

"As the appellants were entitled to the amendment asked for, and it having been denied them, it necessarily follows that they are entitled to be heard on appeal."

In that case the action was brought by the widow and minor children of the deceased. Under the statute of Wyoming it was required that actions of the character there involved must be brought by the personal representative. Upon this question being presented to the court and it being held that the widow and children were not entitled to maintain the action, the plaintiffs, the widow and children, made a motion for leave to amend the complaint by substituting the administratrix of the estate of the deceased as a party plaintiff, and this motion was denied. The plaintiffs, the widow and children, thereupon appealed, and it was in connection with this state of the record and an appeal taken by those

parties that the court used the language above set
forth. The case is a direct authority to the effect
that the administrator in this case is entitled to
prosecute an appeal for the purpose of determining
whether there was error in the refusal of his motion
to substitute the parents as parties plaintiff, and
such view appeals to the judgment of an appellate
court as the proper course to be taken, rather than
to hold that such a judgment, though possibly erro-
neous, is incapable of being reviewed.

The appeal was also taken from the order entered
in the minutes of November 20, 1916, but directed
to be entered as of September 27, 1916, formally
denying the motion to substitute the parents as par-
ties plaintiff. It is insisted that this order is inef-
fectual because made after judgment, not appealable
in itself under subdivision 6 of paragraph 1227, Re-
vised Statutes of 1913, and that the language of the
order is insufficient to make it a *nunc pro tunc* order,
or to indicate that the order was actually made on
September 27th, though afterwards directed to be
entered as of that date. The matters before the court
however, were both the motions made by the re-
spective parties, the motion of the defendant for
judgment notwithstanding the verdict, and the mo-
tion of the plaintiff administrator for leave to sub-
stitute the parents as parties, to amend the com-
plaint accordingly and in effect for judgment on the
verdict in favor of the substituted plaintiffs. One
motion was necessarily the converse of the other.
The denial of one would be necessarily the grant-
ing of the other, and the granting of one would neces-
sarily amount to a denial of the other. When the
court granted the defendant's motion and ordered
judgment in accordance therewith, it thereby denied
the plaintiff's motion, and such an order would neces-
sarily inhere in the judgment. On the appeal from

the judgment the denial of the plaintiff's motion, necessarily implied from the mere fact of ordering judgment in favor of the defendant, is subject to review and consideration. The granting of the defendant's motion, being a denial of the plaintiff's motion, may have rendered unnecessary any formal order denying the latter motion. But such being the effect of the order for judgment, it was not improper for the court to subsequently enter a formal order carrying into effect the order necessarily made at the time of directing the entry of judgment in favor of the defendant.

It is suggested that the application for substitution of parties plaintiff was not made until after verdict, and hence, was too late. But paragraph 422, Revised Statutes of 1913, providing that a pleading may be amended at any stage of the case, permits the court to allow an amendment after verdict. *Arizona Hercules Copper Co.* v. *Protestant Episcopal Church Corp.,* 21 Ariz. 470, 190 Pac. 85.

Coming now to the question whether the court below erred in refusing to permit the amendment of the complaint and the substitution of the parents as parties plaintiff, the objection to such amendment and substitution is that it introduces an entirely new cause of action after the expiration of the time within which the original action could be brought, and changes the issues in a material respect. The Employer's Liability Act, which creates the right of action, provides (paragraph 3162, Rev. Stats. 1913) that no action shall be maintained unless commenced within two years from the date the cause of action accrues. It is undoubtedly true, as shown by the numerous authorities cited by the appellee, that such a limitation of time in a statute creating a right of action of this character relates, not merely to the remedy, but to the right which the statute creates,

and that the bringing of the action within the time specified in the statute is essential. As expressed in one of the authorities cited, such a provision operates, not only as a limitation to the remedy given the plaintiff, but also as a limitation of the liability which it creates against the defendant.

This rule should be borne in mind in determining the correctness of the action of the court below, because no application was made for the substitution of plaintiffs or the amendment of the complaint to effect such substitution until more than two years had elapsed from the time of the accrual of the cause of action. No new action could be maintained at the time the substitution was sought, because the right given by the statute had absolutely ceased, and the substitution could not be made unless its effect would be not to change the cause of action or to introduce a new cause of action, but to retain the cause of action originally sued on. If, therefore, such proposed amendment and substitution did change the cause of action or introduce a new cause of action into the case, the court would have no alternative but to deny the motion. But even though the provision as to the time within which the action may be brought affects the right and not merely the remedy, if the proposed amendment did not present a new or different cause of action and would relate back to the commencement of the action, the character of the limitation is unimportant. The question, therefore, to be considered is whether such would be the effect of the action sought by the motions filed. Similar applications have been frequently passed upon, and, while the decisions are in conflict certain of them discuss convincingly the question here involved.

In *Missouri, Kansas & Texas Ry. Co. v. Wulf*, 226 U. S. 570, Ann Cas. 1914B, 134, 57 L. Ed. 355, 33 Sup. Ct. Rep. 135 (see, also, Rose's U. S. Notes), the

action was brought by a mother in her individual capacity to recover damages by reason of the death of her son. Thereafter she sought to have herself as administratrix of the estate of her deceased son substituted as plaintiff in lieu of herself individually. This motion was granted, and from the final judgment rendered the defendant took the case to the Supreme Court of the United States. It was urged that it was error to permit the amendment and substitution, for the reason that the plaintiff's amended petition in which for the first time she set up her right to sue as administratrix alleged an entirely new and distinct cause of action, and that such an amendment could not lawfully be allowed so as to relate back to the commencement of·the action, inasmuch as the plaintiff's cause of action was barred by the limitation of two years before she undertook to sue as administratrix. It was held that there was no substantial difference between the original and the amended petitions, the court saying:

"In the former, as in the latter, it was ·sufficiently averred that the deceased came to his death through injuries suffered while he was employed by the defendant railroad company in interstate commerce; that his death resulted from the negligence of the company and by reason of defects in one of its locomotive engines due to its negligence; and that since the deceased died unmarried and childless, the plaintiff,· as his sole surviving parent, was the sole beneficiary of the action."

And further in the course of the opinion the court said:

"Nor do we think it [referring to the amendment and substitution of parties plaintiff] was equivalent to the commencement of a new action, so as to render it subject to the two years' limitation prescribed by section 6 of the Employers' Liability Act. The change was in form rather than in substance. . . . It intro-

duced no new or different cause of action, nor did it set up any different state of facts as the ground of action, and therefore it related back to the beginning of the suit.''

In *Cox* v. *San Joaquin Light & Power Corp.*, 33 Cal. App. 522, 166 Pac. 578, the widow brought suit in her own name to recover damages for the death of her husband. Later she made application to substitute herself as administratrix in place of herself individually. There, as here, it was contended that such change resulted in a complete change of the cause of action, and hence it was not allowable. In discussing this question the court said:

''The cause of action here consisted of facts equally applicable to both sections, i. e., the death of the employee through the negligence of the employer. The same facts, as shown by appellant's statement of the case, are found in both the original and amended complaints, the only difference being that in the former the widow, as heir of the employee, was plaintiff, and in the latter the widow as representative of the employee. In both complaints the same cause of action was stated. In both cases the person and only person beneficially interested was the widow.''

And it was held that it was not error to permit the substitution. In *Reardon* v. *Balaklala Consolidated Copper Co.* (C. C.), 193 Fed. 189, the question is discussed by Judge VAN FLEET of the United States District Court for the Northern District of California in the clear and vigorous language so often used by that eminent jurist. In that case the action was brought by the father in his own name, instead of that of the administrator, and the same question presented in this case was there discussed. It was contended that the action of the court in allowing the substitution of the administrator and the amendment of the complaint accordingly was to allow under the guise of an amendment a new action to

be brought in the name of the administrator after the time had elapsed in which he could originally maintain it. In answering this contention it was said by this learned judge:

"It should be borne in mind, as then stated, that the substantive cause of action counted on in the amended complaint has not been changed. It remains precisely the same as that stated in the original pleading. No new facts are alleged as a ground of recovery, the only change being in the name of the plaintiff and the capacity in which he sues; while the father still remains the beneficiary of the recovery sought. This being so, the change effected by the amendment is obviously in no just sense the bringing of a new action. It is one of form rather than of substance, and in the interests of justice is to be treated as such, rather than to adopt a view which would result in an irretrievable bar to all remedy. Under the modern doctrine, the discretionary power of the court to such end is to be liberally exerted in favor of, rather than against, the disposition of a case upon its merits."

In *Motsenbocker* v. *Shawnee Gas & Electric Co.,* 49 Okl. 304, L. R. A. 1916B, 910, 152 Pac. 82, the action was brought by a mother to recover damages for the wrongful death of her son. The statute required the action to be brought by the next of kin, which included the brothers and sisters of the deceased, as well as the mother. An amended petition was filed in which the brothers and sisters of the deceased were joined as plaintiffs, which amended petition the defendants sought to have stricken. It was held that the amendment related back to the commencement of the suit, following *Missouri, Kansas & Texas Ry.* v. *Wulf, supra,* and did not introduce a new or distinct cause of action.

In *Hebert* v. *Byron Jackson Iron Works,* 39 Cal. App. 209, 178 Pac. 550, the father and the widow originally brought the action, and thereafter the

widow as administratrix was substituted as plaintiff. The propriety of this substitution and the amendment of the complaint effected were considered at length by the court. Answering the contention of the appellants that such amendment or substitution could not be allowed, it was said:

"While the subjects in an abstract way seem to present fair ground for debate, we consider that the cases holding against contentions like that made by appellant here furnish a reasonable rule to be adopted in determining those issues"—citing the case of *Cox* v. *San Joaquin Light etc. Co.* and *Reardon* v. *Balaklala Consolidated Copper Co., supra.*

In *Keystone Coal & Coke Co.* v. *Fekete*, 232 Fed. 72, 146 C. C. A. 264, the question was considered by the Circuit Court of Appeals for the Sixth Circuit. In that case the action was brought by the administrator to recover for the death of his intestate. The petition specified the surviving relatives, and alleged that they had been injured by the death in the amount of the damages claimed. Later, in accordance with the law of Pennsylvania, the court permitted the substitution of the surviving relatives individually as plaintiffs of record, and the cause proceeded to judgment in that form. The same claim was made that this was error because the action became a different one, and because the new action was at that date barred by time. The court followed the ruling in *Railway Co.* v. *Wulf, supra,* saying:

"So far as concerns the propriety of the amendment, we cannot distinguish these present cases from the Wulf case. One is the converse of the other. There the beneficiary brought suit as plaintiff, and, when it was learned that the right of action there involved had vested in the personal representative a substitution was permitted. We cannot see that it is of any importance that the beneficiary and the personal representative happened to be the same person."

In *Pugmire* v. *Diamond Coal & Coke Co., supra,*
the action was brought by the widow and children to
recover damages for the death of the deceased.  The
Wyoming statute under which the action was brought
provided that the right of action was in the personal
representative.  As before stated, the court below
denied the application to substitute the administra-
trix as plaintiff in lieu of the widow and children,
and this upon appeal was held to be error, and the
judgment was reversed, with directions to the trial
court to reinstate the case and to allow the plaintiffs
to amend as prayed.

The authorities upon this subject seem to be in
hopeless conflict, but the more modern and reason-
able rule, as well as that prevailing in the federal
courts, seems to be that, unless there is some change
in the cause of action or the substitution of some new
cause of action, the amendment should be allowed,
and the cause be permitted to be determined upon its
merits.  As stated in one of the decisions, this rule
is subject to criticism as opposed to many weighty
authorities.  But it has the sanction of those equally
weighty.  No attempt will be made to review the
multitude of authorities on the subject.  Largely
they have been examined, and, with all respect to
those holding the contrary, the rule is and ought to
be that laid down in *Railway Co.* v. *Wulf* and the
other cases above cited.

The suggestion with reference to the case of *Key-
stone Coal & Coke Co.* v. *Fekete, supra,* that it ap-
pears from the record that the amendments were
made before trial, seems to be without force, in view
of the decisions of this court that a complaint may
be amended as well after the verdict as before, and
the criticism of the application of the rule to the
converse of the case as presented in many of the
decisions seems to be without foundation.  No good

reason can be perceived why, if it is proper to substitute a personal representative for an individual plaintiff for the reason that the right of action is vested in the former, it would not be equally proper to substitute the individual plaintiff for the representative when a cause of action rests in the individual. Nor can it be perceived that it can make any difference whether the personal representative and the individual plaintiff are one and the same or different persons. The rule cannot depend upon mere identity of individuals, but upon the rights respectively vested in them and the propriety of so introducing a proper party to assert those rights as to result in the determination of the merits of the claimed right of action.

It is argued that one of the grounds of the motion for judgment was that the verdict was not sustained by the evidence, and, the order granting the motion being general in form, it cannot be said that it was not based upon that ground, and hence the judgment based upon that order should be sustained regardless of what view may be taken as to the right of substitution of parties plaintiff and the right to amend so as to effect that result. But while a motion for a new trial may be made and granted upon this ground, it cannot be the basis of an order setting aside the verdict and directing judgment notwithstanding it. At common law such a motion could only be made by a plaintiff when the plea confessed the cause of action and set up insufficient matters in avoidance to constitute a defense or a bar. *Hill v. Ragland,* 114 Ky. 209, 70 S. W. 634–637. In some states statutes have been enacted authorizing the court, in case a motion for a directed verdict has been made and denied, to order judgment notwithstanding the verdict, if the failure to direct the verdict is deemed erroneous. But this state has no

such provision; and, in the absence of a statute
permitting it, a court may not render judgment
notwithstanding the verdict merely because it deems
the verdict unsupported by the evidence. *German
Ins. Co.* v. *Frederick,* 58 Fed. 144, 148, 7 C. C. A. 122.

It is urged that amendments rest in the sound
discretion of the court, and that, unless that dis-
cretion is shown to have been abused, the denial
of the right to amend will not be disturbed. Gen-
erally speaking, this is, of course, the rule. But in
this case it is not difficult to infer that the refusal
of the amendment was not in the exercise of dis-
cretion, but based upon a supposed want of power
to allow it, and if the court did undertake to ex-
ercise discretionary power, then in a legal sense
that discretion was abused when it refused to per-
mit an amendment introducing the proper parties.
Unless the case is outside of the rules stated in the
authorities cited with respect to the allowance of
amendments, the court should, in the absence of
some showing of prejudice, allow the amendment
and substitution of plaintiffs sought; and, unless
some reason be shown why the rights of the
opposite party are prejudiced, sound discretion re-
quires that the amendment be allowed.

It remains, therefore, to be seen whether the
original and amended complaints in this case are so
far different as to amount to the introduction of a new
cause of action. The original complaint, after alleg-
ing the appointment and qualification of the adminis-
trator, set forth the employment of the deceased
by the defendant, the work then being done by the
defendant upon which the deceased was engaged, and
the death of the deceased due to accident resulting
from a condition or conditions of his employment,
and without negligence or fault on his part. The
complaint then proceeds:

"That by reason of the death of the plaintiff's said intestate, Allen Bryan, the estate of said Allen Bryan, deceased, and the plaintiff as administrator thereof, has sustained damage in the sum of $35,000. That the said intestate, Allen Bryan, was unmarried, and left him surviving his father and mother, the parents of said Allen Bryan, and that this action is brought by the plaintiff as administrator for the benefit of said surviving parents."

The proposed amended complaint omitted the allegation of the appointment and qualification of the administrator, and set forth that R. E. Bryan and Julia Bryan were the parents of Allen Bryan, deceased, and that they are the same persons for whose benefit the action was originally brought in the name of the administrator. Then follow allegations respecting the employment of the deceased, the work in which he was engaged, and the death, in the same language as contained in the original complaint, and then proceeds:

"That the said Allen Bryan was unmarried, and left no wife or children him surviving, and that by reason of the death of said Allen Bryan these plaintiffs, his father and mother, have sustained damages in the sum of $35,000."

It is argued at length that the original complaint alleged no damages to the parents, and hence the amended complaint which seeks to introduce that element states a new and different cause of action from that set forth in the original complaint. It must be borne in mind, however, that the statute under which this action is brought, differing from the general statute authorizing an action for injuries causing death, authorizes the recovery of damages to the estate only in the event that there are existing none of the beneficiaries previously named. When there are such beneficiaries, it is the damages to them that may be recovered. Had the administrator been the proper person to commence the action,

he could have recovered only such damages as the parents under the facts in this case might have suffered by reason of the death of the son, and he expressly stated in his complaint that it was brought for the benefit of those parents. It requires no great stretch of the language used to hold that the original complaint sought to recover precisely the same damages suffered by precisely the same persons as the amended complaint. The allegation of damage contained in the original complaint could have at any time been amended under the rule stated by this court in *Arizona Eastern R. R. Co.* v. *Old Dominion Copper Mining & Smelting Co.*, 14 Ariz. 209, 127 Pac. 713 and *Hagenauer* v. *Detroit Copper Mining Co.*, 14 Ariz. 74, Ann. Cas. 1914C, 1016, 124 Pac. 803, and the amendment would have related back to the time of the commencement of the action. The variation in allegation of damage, therefore, is insufficient to make a different or a new cause of action, or to introduce a new element into the case.

The original decision was wrong and should be set aside. The defendant, having succeeded in obtaining judgment upon its motion, should, when the case is remanded and judgment entered upon the verdict, have the same right to move for a new trial and to take all subsequent proceedings as it would had judgment been so entered in the first instance. The judgment should be reversed, and the cause remanded, with directions to the court below to allow the amendment sought and to permit the substitution of the parents as plaintiffs, and to render judgment in their favor upon the verdict, with leave to the defendant to move for a new trial or to take other proceedings as if judgment were for the first time then entered.

ROSS, C. J., and McALISTER, J., concur.