[Civil No. 3797. Filed June 1, 1937.]

[68 Pac. (2d) 946.]

HARRY BUEHMAN, Appellant, v. BARBARA SMELKER and VAN A. SMELKER, Appellees.

Messrs. Darnell, Pattee & Robertson, for Appellant.

Messrs. Conner & Jones, for Appellees.

ROSS, J.—Harry Buehman brought this action against Van A. Smelker and his daughter Barbara Smelker for damages for personal injuries received in a collision of his automobile with that of Van A. Smelker's at the intersection of Mountain Avenue with East Speedway in the city of Tucson, Arizona, on November 7, 1934.

Plaintiff's automobile was a 1925 Ford, model T, roadster, and besides himself, who was driving, it was occupied at the time by two companions. The other automobile, a Studebaker sedan, was the family car of defendant Van A. Smelker and was being driven by Barbara, his 17 year old daughter, who at the time was its only occupant. The two streets cross each other at right angles, the direction of Mountain Avenue being north and south and East Speedway east and west. Plaintiff was driving north on Mountain Avenue and defendant Barbara Smelker was driving east on East Speedway at the time of the collision.

The complaint, filed May 1, 1935, alleged:

"V. That . . . plaintiff was driving . . . in a southerly direction. . . . That after the plaintiff had entered said intersection the defendant Barbara Smelker, driving said Studebaker sedan automobile drove westerly along Speedway at a high and dangerous rate of speed in excess of twenty-five miles per hour. . . . "

"VII. That immediately upon the happening of said accident and collision the said Barbara Smelker drove away without stopping to render assistance to the plaintiff and without stopping to ascertain whether any damage had been done."

Thereafter, on May 24, 1935, an amended complaint was filed, which omitted the quoted paragraph VII, and immediately before the trial the amended complaint was amended by interlineation to show plaintiff was traveling in a "northerly" direction instead of a southerly direction as alleged, and that defendant's "speed was in excess of thirty-five miles" instead of twenty-five as alleged in the complaint and amended complaint.

Defendants' answer consisted of a general denial and a plea of contributory negligence.

A trial before a jury resulted in a verdict for defendants, and a judgment was duly rendered thereon. The plaintiff has appealed.

The assignments present but three questions, to wit: (1) As to whether the defendants' counsel were guilty of misconduct in repeatedly asking witnesses for their conclusions "upon the very matter at issue," when counsel must have known the questions were incompetent; (2) as to whether the court committed error in admitting in evidence the original complaint and permitting defendants to read to the jury therefrom the allegation that defendants' car was traveling "southerly" at a speed in excess of twenty-five miles, and that defendant Barbara Smelker "drove away without

stopping to render assistance to the plaintiff and without stopping to ascertain whether any damage had been done,'' because such statements and the pleading containing them had been superseded by the amended complaint from which they were omitted, and because such statements were not admissions against interest, not admissible as impeachment, nor could they be used for that purpose, no foundation having been laid, and because such abandoned statements had no bearing upon the issues and were immaterial and prejudicial to plaintiff, and finally because such superseded complaint was not verified or signed by plaintiff and its contents were unknown to him, it having been prepared by his attorneys in his absence from Tucson; and (3) as to whether the court erred in two of its instructions, one on circumstantial evidence, it being contended there was nothing in the record calling for it, and the other one on the failure of plaintiff to give a signal of his intention to stop, and omitting therefrom the element of proximate cause.

We will consider these questions in the order given.
 Misconduct of defendants' counsel prejudicial to plaintiff is ascribed for asking of witnesses the questions stated below, it being contended that all such questions called for the witnesses' conclusions or opinions, and, being so much alike when the court sustained objections to one, counsel should have desisted from repeating such questions, and the court should have admonished counsel to do so, because otherwise the jury may have inferred that, had the witnesses been permitted to answer, they would have said Barbara Smelker was not to blame. The questions asked and the witnesses of whom asked follow:

Of the witness Barbara Smelker: ''Now, why did the accident occur?''

Of the witness Lou S. Williams: .

"But from your experience as a driver of automobiles during the period of time, could she in your opinion have stopped the car in time to have avoided the accident?"

Of the witness Berniece Hugg:

"From your position there at the time, would you say she could have avoided the accident?"

"Now, from your knowledge of the situation there and as it was presented to you, would you say that Miss Smelker could have avoided that accident?"

"From your knowledge of the circumstances as they existed at that time, if you had been in the Buehman car would you have gone out into the traffic?"

Of the witness G. G. Hugg:

"From your knowledge of the situation there at the time and your experience as a driver, would you say that the girl did anything to cause that accident?"

In *Lee Moor Contracting Co.* v. *Blanton*, 49 Ariz. 130, 65 Pac. (2d) 35, 41, decided February 23, 1937, we passed upon the very question now before us. In that case the objectionable question sought to elicit from a witness whether in his judgment under the circumstances a speed of thirty-five or forty miles an hour was a careful, lawful, and prudent speed, reasonably proper and safe, considering the traffic, surface, and width of the highway and the existing conditions. The ultimate fact was which of the two drivers of the two motor vehicles that collided was to blame, and we said the question was improper because it permitted the witness to answer the question that should have been left to the jury. From our examination of the authorities we stated the rule in negligence cases to be as follows:

"We think it may be safely stated that where the ultimate fact for the jury is whether the conduct of a person is negligent or careless or prudent or careful,

it is not competent for a witness to express an opinion, conclusion, or judgment thereon.''

In Jones' Commentaries on Evidence, second edition, volume 3, page 2284, section 1243, it is said:

''No better or more constant application of the general rule excluding opinions can be found than in negligence cases. It has been repeatedly held that, where the ultimate fact for the jury is whether the conduct of a certain person was careless, reckless, or negligent, it is not competent for a witness to express an opinion, conclusion, or judgment thereon.

''It is the province of the jury to determine the ultimate fact whether conduct was careless, reckless, or negligent, and this right may not be encroached upon by witnesses. It is the function of the witness to state evidentiary facts and the function of the jury to draw such conclusions as the facts warrant. A host of decisions support this rule that where the ultimate fact for the jury is whether the conduct of a certain person was negligent, it is not competent for a witness to express an opinion, conclusion, or judgment in that regard. . . . '' See, also, 22 C. J. 510, sec. 600.

Here the ultimate fact was whether the collision between plaintiff's Ford and defendants' Studebaker was caused by the negligence of plaintiff or of defendant Barbara Smelker, and the questions asked called for the opinions of the witnesses on that decisive question and were properly ruled out by the court.

We agree with plaintiff that, once the competency of evidence offered is raised and passed upon adversely, counsel should not continue asking the same questions. In such case, if counsel is right and the court wrong, he has made his record for appeal. But here it appears the court was not so positive and certain in its rulings on the competency of the evidence defendants' counsel was trying to get before the jury and, when objection was made to his question to witness Williams quoted above, the court said: ''I think you

should lay a little bit better foundation than you have laid." It was probably under the influence of this suggestion by the court that counsel further pressed the question on the court, hoping for a favorable ruling on the admission of opinion evidence.

Counsel cited to the court, as sustaining his contention that the questions asked were competent, Dean Wigmore, one of our great authors on evidence, and it is a fact that this author advocates the extension of the opinion rule very much. Wigmore on Evidence, 2d ed., §§ 1917–1929. At the time of this trial the case of *Lee Moor Contracting Company* v. *Blanton, supra,* had not been handed down and the rule there announced for this jurisdiction was not yet known. We think there can be no question of the good faith of counsel and, as long as a lawyer is acting conscientiously, although he may be mistaken as to the law, he should not be charged with misconduct for reasonable and respectful insistence that his view is right. It is the duty of the trial court to control and direct the conduct of trial and to see to it that proper respect is paid to its rulings on questions of evidence as well as all other questions, and certainly counsel, until definitely and positively informed by the court's rulings to stop, may reasonably urge his views. The extent to which counsel will be permitted to go is within the sound discretion of the trial court and, unless it clearly appears that such discretion has been abused, that court's action should be treated as final. It was not error under the circumstances for the court to refuse, on plaintiff's motion, to admonish counsel for defendants to desist from asking questions.

The next question involves the court's ruling permitting the defendants, over objection, to introduce in evidence the original complaint as also the amended complaint before it was amended by interlineation, and to read therefrom the statement that

plaintiff was traveling south on Mountain Avenue instead of north, and the statement that defendant's speed was in excess of twenty-five miles instead of thirty-five miles, and to read to the jury paragraph VII of the original complaint but which was omitted from the amended complaint. The ruling of the court, plaintiff insists, was for various reasons erroneous. Both the superseded and the amended complaints were signed by plaintiff's attorneys only. Such pleadings were not signed or verified by plaintiff. The complaint upon which the case was finally tried alleged that plaintiff was traveling north on Mountain Avenue; that defendant's speed exceeded thirty-five miles, and omitted entirely paragraph VII of the original complaint. It was to show these changes to the jury that the superseded pleadings were introduced in evidence.

When a pleading is abandoned or superseded, it functions no longer as a pleading. The issues are to be found in the substituted pleading. It may, however, depending upon many circumstances, become material and relevant evidence in the case. The question as to when such a pleading may be used as evidence against the pleader is a new one in this jurisdiction. Although it has been decided frequently in other jurisdictions, there is no uniformity in the decisions. The rock that has divided the courts, as we read the cases, is whether the superseded or abandoned pleading, when signed only by the attorney, should be accepted by the courts as emanating from the client, or should the party offering such pleading as evidence be required to make a showing that the client inspired, adopted, or approved of the utterances in such pleading. We think a survey of the cases on the question is convincing that the following condensation of the state of the law on the question by the author in 22 Corpus Juris, 332, § 373, is quite correct:

"Statements in a pleading which are satisfactorily shown to be those of the party or to have been approved by him are admissible against the party making them or his successor in the litigation, as proof of the facts admitted therein, on any trial of the case subsequent to the making of such statements, including a trial in an appellate court, and are equally competent whether the pleader is plaintiff or defendant."

We believe the courts of the country are in general agreement that, if the abandoned or superseded pleading is signed or verified by the party, or if it appears that the utterances therein could have come from no one else than the party, it is competent evidence and should be admitted without further showing. But, if signed only by the party's attorney, as in this case, the courts do not agree that the superseded pleading is admissible. There is one line of cases that adheres to the rule that a litigant speaks through his attorney and that the attorney, within the scope of his employment, binds his client and that the preparation of pleadings and the conduct of the trial is peculiarly within the scope of the employment of the attorney. Therefore they hold that an abandoned or superseded pleading signed by the attorney only is admissible, the party being at liberty to show, if he can, that he did not inspire, adopt, or approve the omitted or abandoned statement and that it did not emanate from him; and this is the view the trial court took. The other line of cases takes the position that an abandoned or superseded pleading signed by the party's attorney should not be admitted in evidence without a preliminary showing that the statements therein emanated from the party or were known and approved by him. The question is which rule should we adopt.

Our statute on amendments of pleadings is very liberal. A party may at his option at any time not less than five days before trial amend his pleadings, or by leave of court at any time thereafter. Section

3740, Rev. Code 1928. We have held that pleadings may be amended at any stage of a proceeding to conform with the proof (*Southern Casualty Co.* v. *Johnson*, 24 Ariz. 221, 207 Pac. 987) and even after a verdict (*Bryan* v. *Inspiration Consol. Copper Co.*, 23 Ariz. 541, 205 Pac. 904). Fictitious and technical forms of pleading are abrogated and parties are now required to set forth in their pleadings ''a concise statement of the facts constituting the plaintiff's cause of action, or the defendant's defense.'' Section 3737, Id. These innovations in pleading were made for the purpose of assisting litigants to avoid shipwreck in a sea of technicalities before they ever reach the merits of the case. To state concisely the facts constituting one's cause of action or defense one would think very easy, but experience seems to be otherwise. The very best of lawyers sometimes omit from their pleadings essential facts, or misstate in some respect the facts constituting their client's cause of action, or include as facts things not essential or nonexistent, for which the client is in no way responsible. If the lawyer has misstated the facts and, after being so advised by his client, amends the complaint to state the true facts, should the mistake of his attorney be charged against him and go to the jury as his statement when it is not true? If so, the right of amendment would be of doubtful value. On this feature of the question we quote from *Vogel* v. *D. M. Osborne & Co.*, 32 Minn. 167, 20 N. W. 129, 130, as follows:

''It is a well-known fact that attorneys often have to interpose pleadings, in the absence of their clients, with only an imperfect knowledge of the facts. Their information is not always, or necessarily, derived from the parties themselves. A subsequent and fuller investigation shows that errors of fact have been committed which render amendment necessary. If, after a party has indicated himself dissatisfied with the original pleading by substituting a new one, he is to

be confronted with the original, interposed by his attorney, as an admission by himself of the facts therein stated, without it being made to appear that he authorized or directed the insertion of these allegations of fact, it would often work unfairly, and although he would have the right to explain, would, in effect, deprive him, to some extent, of the full benefit of his right to amend.''

An attorney's power as the agent of his client authorizes him to incorporate in a pleading only the facts constituting his cause of action. The attorney's relation to his client assimilates that of an independent contractor and not a servant. American Law Institute, Restatement, Agency, vol. 1, § 1, subd. d. As such he, and not the client, controls the drafting of the pleadings. He may do many things without consulting his client, but if, through misinformation from parties other than his client, he undertakes to state his client's cause of action and includes therein utterances never made or authorized by his client, we do not believe the latter should be bound thereby or that such erroneous statements should be used against him as evidence.

The cases on the question of abandoned or superseded pleadings as evidence are annotated at 14 A. L. R. 22, and 90 A. L. R. 1393, and we refer to these as our source of authority for the statements herein.

The correct rule, we believe, should place the *onus* on the party offering as evidence abandoned or superseded pleadings signed by the attorney only to satisfactorily show that the pleadings offered are those of the party or that he approved them, rather than on the party against whom they are offered to show he was not personally responsible for such superseded pleadings.

The *onus* is always on the party offering a writing of any kind to prove its authenticity. If it is

a letter containing admissions against interest, the signature must be proved or, if it is not signed by the party, it must be shown that he authorized it or subsequently approved or ratified it. Abandoned pleadings as evidence are in the same category as other admissions in writing. The burden is always on the person offering them to first establish their authenticity.

It is an elementary rule of evidence, in order that evidence be competent, that it shall be relevant and material to the issues involved. Jones' Commentaries on Evidence, 2d ed., vol. 3, p. 1823, § 993. That is true of superseded or abandoned pleadings. Everybody who saw the accident testified plaintiff was traveling north and defendant Barbara Smelker was traveling east. It was therefore obvious that the allegation in the complaint that the plaintiff was traveling south was a mistake and should have been corrected, as it was. No one could be misled or hurt thereby. The original complaint alleged that the defendant was traveling at a rate of speed in excess of twenty-five miles, and this was changed, by interlineation immediately before the trial, to read in excess of thirty-five miles. Under the first allegation the evidence that her speed was more than thirty-five miles was within the issue for, if it was thirty-five miles or one hundred miles, it would be in excess of twenty-five miles. In other words, the evidence under the amended complaint as to speed was not required to be different than before the amendment as to maximum rate of speed.

The allegation in the abandoned or superseded complaint, to the effect that defendant Barbara Smelker after the accident and collision did not stop to render assistance to the plaintiff and to ascertain whether any damage had been done, was immaterial and irrelevant. Defendants' liability, if any, depended upon

whether Barbara was guilty of negligence which was the proximate cause of the accident and injury. The fact, if it were a fact, that she did not stop and render assistance, in no way tended to show that her negligence was the proximate cause of the accident. It added nothing to the strength of the complaint; it should never have been included therein. After the complaint was amended to omit this allegation, there was no reason that the jury should know that it was ever made. The only effect that it could have had was one of prejudice against plaintiff's cause of action, because it charged Barbara Smelker with committing a felony. Section 1608, Revised Code of 1928, provides that, if the driver of any vehicle which collides with any person or other vehicle upon the highways fails to immediately stop and give his name and address, the names and addresses of all passengers in his vehicle, and the registration number of his vehicle to the occupants of the other vehicle, and render reasonable assistance, etc., he shall be guilty of a felony. The knowledge that Barbara had been wrongfully charged with fleeing from the scene of the accident would have no other tendency than one of prejudice against plaintiff.

The cases hold that superseded or abandoned pleadings may be used for the purpose of impeachment. But this omitted statement from the amended complaint did not conflict with plaintiff's testimony, there being no evidence that Barbara Smelker did fail to stop and render assistance.

We conclude that the court erred in admitting the superseded and abandoned pleadings, for the reason that the parts read therefrom were immaterial and irrelevant and did not tend in any way to prove or disprove any issue in the case.

We do not determine whether the instructions of which complaint is made should not have been given,

since, whatever may be said of them, for the errors already noticed the case must be reversed and remanded for a new trial. We will say, however, we doubt whether there is evidence in the record calling for the instruction given by the court on its own motion on circumstantial evidence. True, Ben West, a policeman, examined the marks made by the tires of the two automobiles and testified as to them, but there is no conflict in his testimony and that of the eye-witnesses, as we understand it. If the other instruction omitted the element of proximate cause when it should not, the omission can be supplied upon a new trial.

The judgment is reversed and the cause remanded, with directions that a new trial be had in accordance with the principles herein stated.

McALISTER, C. J., and LOCKWOOD, J., concur.