BANK *v.* LUMBER CO.

(*Nashville.* March 5, 1898.)

1. BILLS AND NOTES. *Indorsers before delivery.*

Indorsers before delivery are, in legal contemplation, joint makers of the note, and are treated, not as indorsers, but as makers. (*Post, pp. 480, 481.*)

Cases cited and approved: Morrison Lumber Co. *v.* Lookout Mountain Hotel Co., 92 Tenn., 9; Bank *v.* Jefferson, 92 Tenn., 537; Assurance Society *v.* Edmonds, 95 Tenn., 53; 95 U. S., 93.

2. MARRIED WOMAN. *Binding separate estate.*

A married woman effectually charges her separate estate with the payment of a note, to which she is not otherwise a party, by indorsing upon it, before its delivery, these words, to wit: "I hereby bind my separate estate." And it is immaterial whether she be a principal or merely a surety in the note. (*Post, pp. 482, 483.*)

Cases cited and approved: Warren *v.* Freeman, 85 Tenn., 513; Eckerly *v.* McGhee, 85 Tenn., 661; Webster *v.* Helm, 93 Tenn., 322; Jordan *v.* Everett, 93 Tenn., 390; Bank *v.* James, 95 Tenn., 8.

---

FROM DAVIDSON.

---

Appeal from Chancery Court of Davidson County. H. H. COOK, Ch.

STOKES & STOKES for Bank.

JAMES S. PILCHER and MARSHALL MORGAN for Lumber Company.

---

---

CALDWELL, J.    The bill in this cause was filed to enforce the collection of the following note:

" $500        NASHVILLE, TENN., May 13, 1895.

" Sixty days after date we promise to pay to the order of Rice Brothers five hundred dollars, at any bank in Providence, Rhode Island, value received.

"[Signed.]    CUMBERLAND LUMBER CO.,

"GEO. BENEDICT, *Prest.*

"By O. EWING, *Tr.*"

And indorsed on the back:

"GEO. BENEDICT,

" O. EWING,

"A. G. EWING.

" I hereby bind my separate estate.

" H. C. EWING,

" RICE BROS."

The suit was brought by the indorsee of the payees against the maker and indorsers.    The Chan-.cellor rendered a decree for the amount of the note, with interest, against all of the defendants, except Mrs. H. C. Ewing, a married woman.    He adjudged her separate estate liable, and directed its sale, unless the decree should be paid within thirty days. The Court of Chancery Appeals affirmed the action of the Chancellor in all respects.    The cause is before this Court on appeal and assignment of errors.

It is apparent from an inspection of the note 'and indorsements, as well as from the findings of fact by the Court of Chancery Appeals, that Geo. Ben-

edict, O. Ewing, A. G. Ewing, and H. C. Ewing indorsed the note before its delivery to the payees, Rice Bros., who subsequently indorsed it to the complainant. This being so, the prior indorsers are to be treated, in this litigation, as makers jointly with the Cumberland Lumber Co., and therefore liable for the payment of the note without proof of demand and notice. *Morrison Lumber Co.* v. *Lookout Mountain Hotel Co.*, 92 Tenn., 9; *Bank of Jamaica* v. *Jefferson*, 92 Tenn., 537; *Assurance Society* v. *Edmonds*, 95 Tenn., 53; *Good* v. *Martin*, 95 U. S., 93. The last observation answers the first objection of appellants, which is based on a contrary view of the law applicable to this case, and it also renders immaterial the several objections urged against the sufficiency of the demand and notice alleged by the complainant to have been made and given.

It can make no difference, in legal contemplation, that the note in suit was executed in renewal of a prior one to the same payees, and that upon a settlement of accounts between them the payees would have been indebted to the Cumberland Lumber Company in an amount sufficient to satisfy the prior note. A note executed for such a purpose and under such circumstances stands on the same footing, at least so far as the irregular indorsers are concerned, as an original note in like form and tenor. In either case the presumption is that such indorsers put their names on the paper to induce its acceptance by the payees; and, hence, they are deemed in law co-

16 P—31

makers as to the payees and subsequent *bona fide* holders.

Finally, it is objected that the separate estate of Mrs. H. C. Ewing was adjudged liable for the payment of this note, the contention of her counsel being that her act in the matter was not sufficient to impose a charge upon that estate.

It is well settled - in this ' State that a married woman owning a separate estate, with unlimited power of disposition, as does Mrs. Ewing, may charge it in equity with her debts and liabilities by an express stipulation, in parol or writing, made for that purpose. *Warren* v. *Freeman*, 85 Tenn., 513; *Eckerly* v. *McGhee*, *Ib.*, 661; *Webster* v. *Helm*, 93 Tenn., 322; *Jordan* v. *Everett*, *Ib.*, 390; *Bank* v. *James*, 95 Tenn., 8.

There is no technical or prescribed form for the stipulation. It is only required that the purpose to charge be explicitly and unmistakably expressed in some suitable language, formal or otherwise. Nor is it essential to the validity of the stipulation that it be made for her personal benefit, or for an obligation in which she is principal. Her relation to the debt, whether that of primary or secondary obligor, is of no consequence so far as the efficacy of the intended charge upon her separate estate is concerned. Having unlimited power of alienation, which of necessity includes unlimited power to charge, she may make the charge for a debt on which she is surety

only as well as for one in which she is principal. *Webster* v. *Helm*, 93 Tenn., 326, 327.

It would be immaterial, then, on this branch of the case, whether Mrs. Ewing be regarded as an indorser merely, as she contends she is, or as a co-maker as we have held her to be; for she could as well have made the note a charge upon her separate estate in the one instance as in the other. The language of her stipulation is: "I hereby bind my separate estate." This is an explicit and unambiguous sentence, when found on the back of the note, and signed by Mrs. Ewing. It meant but one thing, and that was that she intended thereby to bind her separate estate for the payment of the note —to make the note a charge upon that estate.

The decree of the Court of Chancery Appeals will be affirmed, with the single modification that the sale of Mrs. Ewing's property will not be made until after those against whom a money recovery was obtained, shall have had ninety, instead of thirty, days in which to make payment.