LOGAN  v.  OGDEN.

(*Knoxville.*    October  19,  1898.)

BILLS AND NOTES.  *Co-sureties' liability.*

Persons who sign their names in blank on the back of a negotiable note, before delivery, for the accommodation of the maker, and to give him credit with the payee, are not indorsers proper, but co-makers with their principal, and equally liable as between themselves, without reference to the order in which their names were signed.

Cases cited: Bank v. Lumber Co., 100 Tenn., 479; Assurance Society v. Edmonds, 95 Tenn., 53; Morrison Lumber Co. v. Lookout Mountain Hotel Co., 92 Tenn., 9; Bank v. Jefferson, 92 Tenn., 537; 95 U. S., 93.

FROM  KNOX.

Appeal  from  Chancery  Court  of  Knox  County. H.  B.  LINDSAY,  Ch.

CORNICK,  SANSOM  &  CORNICK  for  Logan.

D.  W.  KUHN  for  Ogden.

CALDWELL,  J.    W.  H.  Salmon  executed  a  negotiable  promissory  note  to  Jennie  Freymond,  for $875,  payable  in  ninety  days.    Before  delivery,  and to  give  credit  with  the  payee,  S.  R.  Ogden  and

S. T. Logan wrote their names across the back of the note, for the accommodation of the maker. Before the name of either Ogden or Logan was so written, each of them knew that the other was to join him in that favor to the maker. Nothing was said about the order in which their names should appear upon the back of the note, but, as a matter of fact, Ogden wrote his name first, and, a few minutes later, Logan wrote his name under that of Ogden. The note was then delivered. When it matured, the maker made default, and Logan paid the note in full. Thereafter, Logan brought this bill in the Chancery Court against Ogden, to recover from him the whole amount so paid, with interest. This measure of recovery was sought upon the theory that the complainant and defendant were second and first indorsers, respectively, and that, being so, the defendant, as between them, was primarily liable on the note. The defendant, answering, denied that he was first liable, but conceded his liability for one-half the sum paid by the complainant. The Chancellor adjudged Logan and Ogden jointly liable, and, thereupon, pronounced a decree in favor of the complainant, against the defendant, for one-half the amount paid in satisfaction of the note. Upon appeal by Logan, that decree was affirmed by the Court of Chancery Appeals. Logan has appealed again, and here insists that the theory of his bill is sound in law, and that he should now be allowed a recovery for the full amount paid by him.

It is now well settled that persons who sign their names (as did Ogden and Logan) in blank on the back of a negotiable promissory note, before delivery, for the accommodation of the maker, and to give it credit with the payee, are co-makers with the original promisor, and with him jointly and severally liable to the payee. *National Exchange Bank* v. *Cumberland Lumber Co. et al.*, 100 Tenn., 479; *Assurance Society* v. *Edmonds*, 95 Tenn., 53; *Bank of Jamaica* v. *Jefferson*, 92 Tenn., 537; *Morrison Lumber Co.* v. *Lookout Mountain Hotel Co.*, 92 Tenn., 9; *Good* v. *Martin*, 95 U. S., 93.

As between themselves and the payee of the note, Ogden and Logan were co-makers with the original promisor; as between themselves and the original promisor, they were joint sureties for him; as between themselves alone they were joint sureties. In all of these relations they were · equally liable for the payment of the note. In no aspect of the facts disclosed did they sustain the relation of first and second indorsers. Each signed his name at the instance of the original promisor, and for his accommodation, and in so doing, assumed unconditional liability to the payee, with the knowledge that the other was doing the same. They acted concurrently, from the same motive and to the same end.

No importance can be attached to the mere fact that Ogden's name appears first on the back of the note, when it is remembered that each of them knew, before either signed, that the other would

Logan *v.* Ogden.

sign with him, and that the sole object of their signing was to give credit to the note. The understanding of both was the same. Both signatures were to be attached for the same purpose, but they could not be attached at precisely the same moment of time, nor on the same space. One had to precede the other, and which it was or might be was wholly immaterial under the circumstances of the case.

Affirmed.