[Civil No. 1191.   Filed September 25, 1912.]

[127 Pac. 713.]

ARIZONA EASTERN RAILROAD COMPANY, a Corporation, Appellant, v. OLD DOMINION COPPER MINING & SMELTING COMPANY, a Corporation, Appellee.

1. LIMITATION OF ACTIONS—PLEADINGS—AMENDED PLEADINGS—NEW CAUSE OF ACTION.—Where a complaint has been held obnoxious to a general demurrer, and an amended complaint is filed to which the bar of limitations is pleaded, and at the time of the filing of the amended complaint the bar of the statute is complete unless the amendment relates back, the court must ascertain whether the facts alleged in the original complaint are sufficient, when considered in the light of the facts pleaded in the amended complaint, to show that the amendment is but the perfected statement of the cause of action originally attempted to be pleaded, and is not the statement of a new or different cause of action.

XIV Ariz.—14

2. LIMITATION OF ACTIONS—EFFECT OF STATUTE OF LIMITATIONS.—The statute of limitations, though a statute of repose, does not prevent trials where litigants have moved diligently, though erroneously.

3. LIMITATION OF ACTIONS—PLEADINGS—AMENDED PLEADINGS—NEW CAUSE OF ACTION.—Where the amended complaint is but an elaboration of detail and an amplification of the cause of action imperfectly stated in the original complaint, and does not state a new or different cause of action, it relates back to the time of the filing of the original complaint filed before the running of limitations, and the defense of limitations is not available as against the amended complaint, though filed after the running of limitations.

APPEAL from a judgment of the District Court of the Fifth Judicial District, in and for the County of Gila.     E. W. Lewis, Judge.     Reversed and remanded.

The facts are stated in the opinion.

Mr. Eugene S. Ives, Mr. S. L. Pattee, and Messrs. Rawlins & Little, for Appellant.

Messrs. Herring & Sorin, for Appellee.

FRANKLIN, C. J.—In this action the plaintiff, Arizona Eastern Railroad Company, filed a complaint against the Old Dominion Copper Mining and Smelting Company. Succinctly stated, it appears from the allegations of this complaint that the plaintiff attempted to state a cause of action as a consolidated corporation, it being the successsor in interest of the Gila Valley, Globe and Northern Railway Company, a corporation. The latter corporation theretofore having entered into an agreement of consolidation with five other railroad corporations, filing articles of incorporation and consolidation pursuant to chapter 83 of the Acts of the Twenty-fifth Legislative Assembly of the territory of Arizona. That the plaintiff in this case is the corporation formed by such consolidation, and by reason thereof succeeded to all the rights, interests, property, etc., and to all the liabilities of the said Gila Valley, Globe and Northern Railway Company. It further appears that the basis for the cause of action attempted to be stated was that the said Gila Valley, Globe and Northern Railway Company, the plaintiff's alleged predecessor in interest, jointly with certain other connecting lines and carriers, transported a carload of coal for the defendant from

Lilly, Pennsylvania, and carried and delivered the same to defendant at Globe, Arizona. That, at the time of the shipment and delivery of the car of coal, the joint through freight rate thereon had been fixed by the interstate commerce commission in pursuance of an act of Congress known as the interstate commerce act (Act June 29, 1906, c. 3591, 34 Stat. 584 [U. S. Comp. Stats. Supp. 1911, p. 1288]); the amount claimed to be due the plaintiff from defendant being the difference in the sum of money alleged to have been erroneously charged and collected by the Gila Valley, Globe and Northern Railway Company for said shipment of coal, and the joint through rate thereon fixed in the schedules and tariffs of the interstate commerce commission. In the court below this complaint was held obnoxious to a general demurrer interposed thereto by the defendant. Upon application, the plaintiff was granted leave to amend its complaint, and thereafter did so.

To the amended complaint the defendant in its answer thereto, among other grounds of defense, and in paragraph 3 of its answer, demurred as follows: "(1) That it appears upon the face of said amended complaint that the cause of action therein stated, if any, is barred by the statute of limitations in that it appears therefrom that the alleged cause of action set forth in said amended complaint did not accrue to said plaintiff at any time within four years next before the filing of said amended complaint; that said amended complaint states a new cause of action against defendant, and the same was commenced more than four years after said cause of action therein stated accrued. (2) That it appears upon the face of said amended complaint that plaintiff's original complaint filed herein stated no cause of action against defendant, and that plaintiff's cause of action stated in said amended complaint accrued more than four years next before the filing of said amended complaint and the commencement of this action, and the same is barred by the statute of limitations." The special demurrer set forth in paragraph 3 of the answer was sustained, and, the plaintiff declining further to amend, the defendant had judgment dismissing the action and for its costs.

Plaintiff prosecutes this appeal and assigns as error: (1) The court erred in sustaining the general demurrer of defendant to the original complaint. (2) The court erred in

sustaining the special demurrer of defendant to the amended complaint. (3) The court erred in rendering judgment that plaintiff, Arizona Eastern Railroad Company, take nothing by its action, and that defendant, Old Dominion Copper Mining and Smelting Company, go hence without day and recover from plaintiff its costs and disbursements in this action.

In the oral argument to the court, and in the briefs of counsel for the appellant and appellee, respectively, much stress is laid on the sufficiency or insufficiency of the original complaint to withstand an attack by general demurrer. Waiving the objection to a consideration of appellant's first assignment of error that, where a party files an amended complaint after a general demurrer to the original complaint is sustained, he cannot assign the ruling of the court upon the demurrer as error, we deem it unnecessary for a determination of the appeal to pass upon such assignment.

Conceding that the original complaint was obnoxious to the general demurrer (which we do not decide), the appellee contends that a complaint which states no cause of action will not arrest the running of the statute of limitations. That an amendment made after the bar of the statute is complete must be treated as filed at the same time the amendment is made. That, when the lower court granted the order sustaining the general demurrer, it must necessarily be regarded as having adjudged that the facts alleged were not sufficient to constitute a cause of action. That, where the original complaint states no cause of action, any cause of action thereafter set up by amendment is necessarily and inevitably a new and different cause of action, although the claim asserted in the amended complaint is the same claim sought to be set up in the original complaint. The matter presented is no longer an open question in this jurisdiction. It has been foreclosed by a decision of the supreme court of the territory and the supreme court of this state.

Where a complaint has been held obnoxious to a general demurrer and an amended complaint is filed, to which amended complaint the bar of the statute of limitations is pleaded, and at the time of the filing of the amended complaint the bar of the statute is complete, unless the amendment relates back, it is our duty to ascertain if the facts alleged in the original complaint are sufficient, when considered in the light of the facts pleaded in the amended com-

plaint, to show that the amendment is but the perfected statement of the cause of action originally attempted to be pleaded, and is not the statement of a new or different cause of action. *Boudreaux* v. *Tucson Gas, etc., Co.*, 13 Ariz. 361, 33 L. R. A., N. S., 196, 114 Pac. 547; *Hagenauer* v. *Detroit etc. Co., ante,* p. 74, 124 Pac. 803. We reaffirm the doctrine thus announced. It merits commendation as being in harmony with law and justice. Courts should incline to that which will enable them to hear and determine cases on the merits of the controversy at issue between litigants, and not to that which will send them out of court with their causes undecided. The most accomplished lawyer and one of the utmost dexterity in the pursuit of his clients' business will sometimes fail, under the technical rules of pleading, in making a perfect statement of a good cause of action. It is a harsh and narrow construction of the law which lays down a rule the effect of which is to shut the door of the court in the face of the client for some formal defect in pleading, which defect could be cured by amendment, and this done without in any wise changing the nature or the cause of the action sought to be pleaded in the first instance.

The wisdom of the statute of limitations as a statute of repose is well ingrafted in our jurisprudence, but as well said in the Bordreaux case, *supra:* "It is not the purpose of the law to prevent trials where litigants have moved diligently, though erroneously."

It is not contended that the amended complaint fails to state facts sufficient to constitute a cause of action, and it is clear to our minds that the amendment is an elaboration of detail and but an amplification of the cause of action adjudged to have been imperfectly stated in the original complaint. It does not state a new or different cause of action, and thereby relates back to the time of filing the original complaint, thus making the plea of the statute of no avail.

The judgment of the lower court is reversed and set aside and the cause is remanded, with instructions to overrule said special demurrer.

CUNNINGHAM and ROSS, JJ., concur.

NOTE.—As to the amendment of pleadings affecting the statute of limitations, see note in 51 Am. St. Rep. 431.