[Civil No. 2315.   Filed June 19, 1925.]

[237 Pac. 196.]

# W. E. GAMBRELL, Appellant, v. JOHN P. McKEAN, S. J. DOUTHITT, P. J. SCHEMP, A. B. FINKE, A. P. JAMES, ROBERT McREYNOLDS, C. W. HAINES, RALPH GOLDSTICKER and MOE FURTH, Appellees.

1. CONTRIBUTION—COURTS OF LAW TAKE AND EXERCISE JURISDICTION OF RIGHT OF CONTRIBUTION ON IMPLIED CONTRACT ARISING FROM EQUITABLE OBLIGATION.—Courts of law take and exercise jurisdiction of right of contribution on implied contract arising from equitable obligation.

2. ACTION—COMPLAINT BY ACCOMMODATION INDORSERS, WHICH AT LAW CREATED MISJOINDER, BOTH OF PARTIES AND OF CAUSES OF ACTION, TREATED AS BILL IN EQUITY.—Where a complaint by several accommodation indorsers for contribution, based upon various payments by plaintiffs on various notes on which they and defendant signed as such indorsers, would at law constitute a misjoinder both of parties and of causes of action, and require numerous actions to avoid such misjoinder, *held* that such complaint will be treated as bill in equity, under Civil Code of 1913, paragraph 425, where defendant could not lose any rights thereby, in view of conclusive nature of judgment rendered in such bill.

3. APPEAL AND ERROR—THAT SOME OF PLAINTIFFS BY AGREEMENT WILL GET MORE BY JUDGMENT THAN THEY ARE ENTITLED TO NOT GROUND FOR COMPLAINT BY DEFENDANT.—That some of plaintiffs by agreement will get more by judgment than they are entitled to *held* not ground for complaint by defendant, where the latter pays only what he justly owes.

4. BILLS AND NOTES—TO CREATE RIGHT TO CONTRIBUTION BETWEEN ACCOMMODATION INDORSERS, EXISTENCE OF CONTRACT OF COSURETYSHIP NOT ESSENTIAL.—Notwithstanding Civil Code of 1913, paragraph 4213, making indorsers, in the absence of agreement, liable in the order of indorsement to create the right to contribution between accommodation indorsers, it is not necessary there should

1. Action at law on implied contract of reimbursement, see notes in 10 Am. St. Rep. 639; 98 Am. St. Rep. 44; 1 L. R. A. 312. See, also, 6 R. C. L. 1059.

2. See 6 R. C. L. 1052.

3. See 17 R. C. L. 819.

be express agreement that the parties signed as cosureties but such agreement may be implied from circumstances of case.

5. BILLS AND NOTES—EVIDENCE HELD TO SHOW UNDERSTANDING BETWEEN ACCOMMODATION INDORSERS THAT THEY SIGNED NOTES AS COSURETIES AMONG THEMSELVES.—Evidence *held* to show understanding between accommodation indorsers of notes given for money, borrowed to develop mining claim in which they were jointly interested, that they should be liable as cosureties among themselves.

6. BILLS AND NOTES—ALLEGATIONS HELD INSUFFICIENT TO SHOW RIGHT TO CONTRIBUTION FROM DEFENDANT AS COACCOMMODATION INDORSER. In action by accommodation indorsers seeking contribution against defendant coindorser, allegations that "each, all, and every one of these plaintiffs and defendant indorsed said note and delivered it, . . . " *held* insufficient under Civil Code of 1913, paragraph 4213, to state cause of action against defendant.

7. APPEAL AND ERROR—FAILURE TO SUSTAIN GENERAL DEMURRER IS ERROR, WHERE CAUSE OF ACTION IS SUBJECT TO OBJECTION GOING TO SUBSTANCE OF CAUSE OF ACTION.—Failure to sustain general demurrer, where cause of action is subject to objection going to substance of action, is error, despite failure specifically to raise such objection.

8. APPEAL AND ERROR—INSUFFICIENCY OF COMPLAINT TO STATE CAUSE OF ACTION HELD *NOT* GROUND FOR DISMISSAL OF ACTION BY SUPREME COURT.—Insufficiency of complaint to state cause of action *held* not ground for dismissal of action on appeal, where the complaint, if amended to set up an agreement between parties as disclosed by the evidence, will state a good cause of action.

9. LIMITATION OF ACTIONS—AMENDMENT HELD TO RELATE BACK TO ORIGINAL FILING OF ACTION.—In action for contribution by accommodation indorsers, where complaint was demurrable as stating no cause of action, because it failed to allege agreement, disclosed by evidence, an amendment which sets up such agreement would relate back to the original filing of the action, and would not be barred by limitations.

See (1) 13 C. J., p. 832, n. 53.   (2) 1 C. J., p. 1094, n. 68, 69, 70. (3) 4 C. J., p. 692, n. 88.   (4) 8 C. J., p. 291, n. 77.   (5) 8 C. J., p. 291, n. 86.   (6) 13 C. J., p. 834, n. 96.   (7) 3 C. J., p. 786, n. 75. (8) 3 C. J., p. 1196, n. 97.   (9) 37 C. J., p. 1071, n. 1.

APPEAL from a judgment of the Superior Court of the County of Pima. George R. Darnell, Judge. Judgment reversed and cause remanded.

Messrs. Richey & Richey and Messrs. Struckmeyer, Jennings & Strouse, for Appellant.

Mr. Francis M. Hartman, for Appellees.

LOCKWOOD, J.—In December, 1918, Molarkas Mining Company, hereinafter called the company, executed several promissory notes to itself as payee, aggregating the sum of seventeen thousand dollars ($17,000). John P. McKean, S. D. Douthitt, P. J. Schemp, A. B. Finke, A. P. James, Robert McReynolds, C. W. Haines, Ralph Goldsticker, and Moe Furth, hereinafter called plaintiffs, and W. E. Gambrell, hereinafter called defendant, were at the time all stockholders of the company, and they each and all signed the notes as accommodation indorsers, afterwards delivering them to three banks in Missouri. The purpose of executing the notes was to secure money to develop the company properties, and the funds were used for that purpose. Thereafter when the notes became due the company failed to pay them, and the plaintiffs were required to and did pay the notes in full, with interest. Of the total amount so paid, it appears that four of the plaintiffs paid approximately $1,166 each, four $2,316 each, and one $3,285. Defendant paid nothing whatever.

In 1922 plaintiffs jointly brought suit against defendant, alleging the execution, indorsement and delivery, to the banks of the several notes, that the company failed and refused to pay them, and that "these plaintiffs were required to and did pay on or about January 1, 1919, to the holders of said notes, the amount due them." They further alleged the failure of the defendant to pay his part thereof to anyone and the insolvency of the company, asking for judgment against defendant for $1,650, which was his *pro rata* share of the notes. Defendant filed a motion to

make more definite and certain, asking that the complaint show the time and amounts of the alleged payments and the payor and payees, which was granted, but it was not shown in the amended pleadings exactly which notes the various payments were made on. Defendant raised in every possible way the question of misjoinder of parties and of causes of action, both by the pleadings and at the trial, and also set up a general demurrer and the statute of limitations. All of his objections were overruled. The case was tried to the court without a jury, and judgment was rendered for plaintiffs. From the judgment and the denial of the usual motion for a new trial, this appeal was taken.

The various assignments of error raise but two questions of law worthy of consideration. Defendant's first contention is that, since there were five separate notes, and since plaintiffs paid different amounts on the different notes, separate suits should have been brought on each note, and, where the parties paid different amounts on the same note, there should be separate suits by each party who paid. The right of contribution rests upon principles of equity and natural justice, and was first recognized and enforced in courts of equity, but courts of law now take and exercise jurisdiction thereof on the implied contract arising from the equitable obligation. If we consider this proceeding to be of the latter class, the position of defendant would have been well taken, as there would have been a misjoinder both of parties and of causes of action. However, courts of equity still have jurisdiction, and particularly in cases like this, where the enforcement of the strict rule of suits at law would require anywhere from twenty-five to forty-five separate actions. *Comstock* v. *Potter,* 191 Mich. 629, 158 N. W. 102; *Chipman* v. *Morrill,* 20 Cal. 135; Pomeroy on Equity, 3d ed., vol. 4, par. 1418.

We may, therefore, under paragraph 425, R. S. A. 1913, treat the complaint as a bill in equity, for, if it is so considered, all of the parties and causes of action would be properly joined. *Mateer* v. *Cockrill,* 18 Tex. Civ. App. 391, 45 S. W. 751; Story, Equity Pleadings, par. 159. Defendant cannot lose any of his just rights thereby, for the judgment rendered would be a bar against his ever being called on to pay his debt a second time. If it be a fact that by the judgment herein some of the plaintiffs will get more than they are entitled to and some less, defendant cannot complain because they have agreed it may be so. He is only paying what he justly owes, to creditors who have agreed that their rights, so far as he is concerned, may be thus determined. We do not think the court erred in its ruling on the issues of misjoinder.

The second point is that under the law there is no contribution as between accommodation indorsers, in the absence of an agreement to that effect, and that no such agreement was either alleged or proved. There can be no doubt that the general rule of law contended for by defendant prevails in Arizona, at least since the passage of the Negotiable Instruments Act. Paragraph 4213, R. S. A. 1913, reads as follows:

"As respects one another, indorsers are liable *prima facie* in the order in which they indorse; but evidence is admissible to show that, as between or among themselves, they have agreed otherwise. . . . "

The question is, however, Do the pleadings and the evidence fairly show an agreement such as would take it out from under the rule? It is not necessary there should be a contract in so many words that the parties signed as cosureties, and the agreement may be implied from the circumstances of the case. *Weeks* v. *Parsons,* 176 Mass. 157, 58 N. E. 157; *Trego*

v. *Cunningham's Estate,* 267 Ill. 367, 108 N. E. 350; *Plumley* v. *Hinton First National Bank,* 76 W. Va. 635, 87 S. E. 94; *George* v. *Bacon,* 138 App. Div. 208, 123 N. Y. Supp. 103; *Logan* v. *Ogden,* 101 Tenn. 392, 47 S. W. 489.

In the case at bar it clearly appears that all the parties were stockholders in the company, that they all indorsed the notes for the purpose of securing money for the company, so that its property could be developed, and that all but defendant contributed to pay the notes, regardless of the order of their indorsements. We think the evidence leads inevitably to the conclusion that there was an understanding the indorsers were to be cosureties as among themselves.

The complaint, however, merely alleges on this point: "Each, all, and every one of these plaintiffs and defendant indorsed said note and delivered it. . . ." In view of the undoubted law that indorsers are not liable for contribution, unless it appears affirmatively there was an understanding to the effect that they were really cosureties, the allegation set forth is clearly insufficient to state a cause of action in plaintiffs as against defendant.

Since the objection goes to the substance of the action, the failure of the lower court to sustain the general demurrer was error requiring a reversal of the case, even though the point was not specifically urged there.

We do not think, however, that the request of defendant that this court order the action dismissed should be granted. If the complaint is amended to set up the understanding shown by the evidence, a good cause of action will be stated. Nor is the statute of limitations made available to defendant, as the amendment would clearly fall within the rule of *Hagenauer* v. *Detroit Copper Mining Co.,* 14 Ariz. 74, Ann. Cas. 1914C, 1016, 124 Pac. 803, and relate back to the original filing of the action.

For the foregoing reasons, the judgment is reversed, and the case remanded, for proceedings not inconsistent herewith.

McALISTER, C. J., and ROSS, J., concur.