## In re CLAUDON.

### CLAUDON v. ILLINOIS STATE SAV. BANK et al.

### No. 5202.

Circuit Court of Appeals, Seventh Circuit.

Nov. 30, 1934.

Ira J. Covey, Edwin L. Covey, and J. J. Alloy, all of Peoria, Ill., for appellant.

Frank T. Miller and Eugene R. Johnson, both of Peoria, Ill., and Jesse J. Herr, Stephen B. Adsit, Cyril A. Burns, and Harry G. Greenebaum, all of Pontiac, Ill., for appellees.

Before ALSCHULER, FITZHENRY, and ANDERSON, Circuit Judges.

ANDERSON, Circuit Judge.

The original petition to have A. B. Claudon adjudged a bankrupt was filed December 22, 1927. On that date he was a fugitive from justice and continued as such fugitive until October 28, 1931, when he was apprehended and brought back within the jurisdiction of the bankruptcy court by the sheriff of his county to answer an indictment then pending against him. He was a fugitive from justice nearly four years.

While he was such fugitive, and at a time when the law-enforcing officers knew nothing of his whereabouts, and when his son, the appellant, and other members of his family knew where he was, on January 7, 1931, there was filed by certain attorneys appearing for him a motion to dismiss the original petition. On August 8, 1932, the alleged bankrupt died. The appellant was appointed administrator of his estate, and on October 20, 1933, suggested the death of his father and renewed the motion made for him on January 7, 1931. While this motion was pending, on January 9, 1934, the petitioning creditors asked leave to amend the original petition. The petition to amend contained twelve paragraphs. On January 23, 1934, appellant moved to strike out paragraphs 4 to 12, inclusive, of the petition to amend, and in his motion said: "Said Administrator concedes that the matters and things set forth in said petition, exclusive of the paragraphs sought to be stricken, contain a sufficient showing, under General Order in Bankruptcy No. 11, to permit said petitioning creditors to amend said original involuntary petition, provided the Court has the right to permit the petitioning creditors to amend the same, and allow such amendment to relate back to the date of the filing of the original petition in bankruptcy." The matters set forth in paragraphs 4 to 12, inclusive, were, in part, the matters we have set forth above, and were, as the District Court said, in the main a recital of the proceedings in the cause as shown by the files. They were not only proper to be considered by the court in exercising its discretion in considering the petition to amend; they warranted the allowance of the amendment.

The original petition sought to charge but one act of bankruptcy, and the charging part is as follows: "And Your Petitioners further represent that said A. B. Claudon is insolvent, and that within four months next preceding the date of this petition the said A. B. Claudon committed an act of bankruptcy, in that he did heretofore, to wit, on the 9th day of September, A. D. 1927 permit attachments to be entered in the Circuit Court of Livingston County and levied upon property of the said A. B. Claudon."

The petitioning creditors asked to amend this so as to read as follows: "And your petitioners further represent that the said A. B. Claudon is insolvent and that while insolvent,

within four months next preceding the date of this petition, the said A. B. Claudon committed an act of bankruptcy, in that he did, heretofore, to-wit: on the 9th day of September, A. D. 1927 permit attachments to be entered in the Circuit Court of Livingston County, Illinois, and levied upon the property of the said A. B. Claudon; that the said A. B. Claudon, while insolvent, suffered or permitted certain creditors, (naming creditors with the amounts of their respective claims) to obtain through legal proceedings commenced on said date, in the Circuit Court of Livingston County, Illinois, attachment writs, which were duly and regularly issued out of said Court and duly and regularly delivered to J. A. Scarratt, Sheriff of said County, who, on September 13th, 1927, by virtue of said attachment writs, levied on the real estate of the said A. B. Claudon to-wit: (description of real estate); and that the said A. B. Claudon did not vacate or discharge the same, and the lien created thereby, to be vacated or discharged within thirty days from the date of said levies."

The power of the court to permit this amendment to be made and to order that it relate back to the date of the filing of the original petition is questioned in this appeal.

Under Equity Rule 19 (28 USCA § 723), General Order in Bankruptcy 11 (11 USCA § 53), numerous decisions of the Supreme and appellate courts, and the Bankruptcy Law itself (11 USCA), the *power* of the court to permit amendments to the petition is clear. The objections of appellant are not to the allowance of the amendment, but to the court's order that it should relate back to the filing of the original petition.

This order might be questioned if the amendment set forth a new act of bankruptcy, that is, a different act from that attempted to be set forth in the original petition; but if it set forth more perfectly the same act which was attempted to be set forth in the original petition, the order that it should relate back was proper.

Many decisions are cited in the District Court's opinion and in the briefs of counsel. It is not necessary to review them. One from this court clearly sets forth the law applicable to the question now being considered. In Re Shoesmith, 135 F. 684, 688, this court said: "It is contended that because the first petition filed by the creditor was defective, and a sufficient amended petition was filed more than four months after the last fraudulent transfer of the property, the court had no power to permit an amendment, and was

therefore without jurisdiction to entertain the proceedings. The district court had jurisdiction of the parties. It had jurisdiction of the subject-matter. It has general and exclusive jurisdiction of bankruptcy proceedings. The objection goes to the want of equity exhibited by the petition, not to the want of power in the court. There was jurisdiction to determine the sufficiency of the petition, and it was complete to permit any amendment. The jurisdiction in such cases comes from the statute, and is not conferred by the accuracy and precision of the averments made in the petition. [Citing cases.] And the amendment, when filed, relates to and takes effect as of the date of the filing of the original petition."

In Hovland v. Farmers' State Bank, 56 App. D. C. 398, 10 F.(2d) 478, 482, the law is stated thus:

"It is well settled that the amended pleading must not set up a new cause of action. If this be so, then manifestly the allegations of the original pleading must be sufficiently specific to enable the court to identify the cause of action therein sought to be set up and to determine whether or not the original and amended pleading refer to the same cause of action. Boudreaux v. Tucson Gas, E. L. & P. Co., 13 Ariz. 361, 114 P. 547, 33 L. R. A. (N. S.) 196; Arizona Eastern R. Co. v. Old Dominion Copper M. & S. Co., 14 Ariz. 209, 127 P. 713; Hagenauer v. Detroit C. M. Co., 14 Ariz. 74, 124 P. 803, Ann. Cas. 1914C, 1016.

"On the other hand, if the original pleading is sufficiently specific to identify the cause of action, however defective and imperfect it may be, and it appears that the amended pleading introduces no new cause of action, but merely enlarges, amplifies, or makes more definite and certain the allegations of the original pleading with reference to the same cause of action, then the amended pleading ought to relate back to the date of the filing of the original pleading."

In the original petition there was an attempt, imperfect to be sure, to set forth an act of bankruptcy defined in the bankruptcy law; that is to say, the act of one permitting, while insolvent, attachments to be entered in the circuit court of his county and to be levied on his property and not vacating or discharging the same within thirty days. In their petition to amend, the creditors specifically stated that the acts of bankruptcy set forth in the original petition should be set forth with greater precision and more detail; and that paragraph 5 of said original petition should be amended "by joining thereto a supplemental statement amplifying and enlarging

the allegations set forth in said paragraph five." The paragraphs in the original petition are not numbered; but the original petition, the petition to amend, and the amendment itself leave no room to doubt that the paragraph attempting to charge the act of bankruptcy was the paragraph meant. The amendment which was asked and permitted set out the original paragraph word for word as it was, except there was put into it the words "while insolvent." Then, after a semicolon, the amendment proceeded to allege that the alleged bankrupt, while insolvent, had permitted certain creditors (naming them) to obtain attachment writs issued out of the same court in the same county on the same date and levied on the same property; the original petition said "levied upon the property of the said A. B. Claudon," while the amendment said "levied on the real estate of the said A. B. Claudon" (describing it).

We think the amendment describes the same act of bankruptcy that was sought to be set forth in the original petition; and that it merely enlarges, amplifies, and makes more definite and certain the allegations of the original petition with reference to the same cause of action.

Affirmed.