[Civil No. 3976.   Filed May 23, 1938.]

[79 Pac.. (2d)  516.]

SOCORRO DANIEL, Administratrix of the Estate of MARIA V. DE CRUZ, Deceased, Appellant, v. THE CITY OF TUCSON, a Municipal Corporation of the County of Pima, State of Arizona, Appellee.

Mr. Harry O. Juliani and Mr. Joseph H. Shifman, for Appellant.

Mr. B. G. Thompson, City Attorney, and Mr. Arthur Henderson, for Appellee.

ROSS, J.—On August 20, 1935, Maria V. de Cruz filed a complaint against the City of Tucson alleging that the city had constructed and was maintaining a system of drains and culverts, which, together with accumulated debris, on August 21, 1933, caused the natural flow of the waters in the vicinity of plaintiff's

property to be changed so as to throw quantities thereof onto her property, to her damage in the sum of $3,000. The damaged property was described as follows: "Lot 6 of Block 2 of Elysian Grove Subdivision of part of Lot 6 in Block 243 of City of Tucson. . . . " Thereafter, on February 24, 1936, plaintiff filed an amended complaint in which she alleged that the damaged property was lots six "and seven" of such block and subdivision, but did not otherwise change the substance of the pleading.

The city attorney of Tucson filed a special demurrer to the amended complaint upon the ground that it appears upon the face of said amended complaint that the cause of action for damages to lot seven accrued more than two years prior to its institution and is therefore barred by the provisions of subdivision 2 of section 2059, Revised Code of 1928. He set up the same facts as a bar. The demurrer and plea in bar were sustained and the plaintiff electing to stand on her complaint the court ordered "that the plaintiff recover nothing from the cause of action in damages on said Lot Seven (7)" and dismissed "the said cause of action."

The appeal is prosecuted by Socorro Daniel as administratrix of the plaintiff's estate, the plaintiff having died in the meantime, and is from the court's ruling on the demurrer and the judgment of dismissal.

It seems too clear for discussion that the amended complaint did not state a new or different cause of action but only a new item of damages omitted from the original complaint. The amended complaint alleges identically the same negligence or wrongful act as the original complaint. In other words, if lot six suffered any damage, the same act of defendant damaged lot seven. Both lots were damaged at the same time and by the same act and the damage to the two lots, committed at the same time and by the same

act, is what the plaintiff seeks to recover in the amended complaint, fixed at $3,000 in both the original and the amended complaint.

It is said in 1 American Jurisprudence, section 111:

"Generally speaking, a single tort—a single wrongful or negligent act—can be the basis of but a single cause of action *ex delicto*. Such a cause of action cannot be divided into distinct demands and made the subject of separate suits. Thus, a cause of action for deceit may not be split. And a single act of trespass on real property can give rise to only a single cause of action."

It is not necessary that the injured real property be in one compact body. It may consist of several pieces of land not contiguous if in common ownership,

"as where fire from a locomotive causes injury to a certain piece of land belonging to one person and then spreads over land of a second person to another piece of land belonging to the first person some distance away from the former piece."

1 R. C. L. 346, § 26; *Knowlton* v. *New York & N. E. R. Co.*, 147 Mass. 606, 18 N. E. 580, 1 L. R. A. 625 and note. The single indivisible act charged against defendant constitutes but a single wrong or trespass and, if plaintiff had proceeded to trial and judgment on the allegations of the original complaint, she could not thereafter have prosecuted an action for damages to lot seven. The law does not permit one to split his cause of action and harass an adversary with more than one action for one wrong. *Fields* v. *Philadelphia Rapid Transit Co.*, 273 Pa. 282, 117 Atl. 59.

██ The question then is, May a party plaintiff whose real property has been injured by a single tortious act amend his complaint after the statute of limitations has run to include a piece of real property injured by the same act but omitted from the original complaint, so that the amendment relates back to the

commencement of the action? As an aid in the further consideration of the question, we quote what this court said in *Motes* v. *Gila Valley, Globe & Northern Ry. Co.*, 8 Ariz. 50, 54, 68 Pac. 532, 533, as follows:

"The general rule is that an amendment relates back to the time of the filing of the original petition, so that the running of the statute of limitations against the amendment is arrested thereby. But this rule, from its very reason, applies only to an amendment which does not create a new cause of action. The principle is that, as the running of the statute is interrupted by the suit and summons, so far as the cause of action then propounded is concerned it interrupts as to all matters subsequently alleged by way of amendment which are a part thereof."

All the amendment does is to aid plaintiff to have the court or jury pass on his whole damages and not a part thereof. Any defense to the merits of the original complaint is a good defense to the amended complaint. The evidence to establish defendant's liability for the damages alleged in the original complaint would also establish the damages under the amended complaint. The amendment is only an amplification of the original pleading. It does not state a new or different cause of action. It is said in 17 Ruling Case Law 815, section 180:

"An amendment to a declaration, which sets up no new cause of action, and makes no new demand, relates back to the commencement of the action, and the running of the statute against the claim so pleaded is arrested at that point."

This statement is fully supported by the many cases cited thereunder.

The statutes, in very liberal terms, grant the right to amend pleadings, section 3740, and in the same connection direct the court to disregard error or defect in the pleadings which shall not affect the

substantial rights of the parties, section 3741. The evident purpose of these provisions is that cases shall not be disposed of on technical grounds but shall be tried and disposed of on their merits. This right to amend pleadings has been time and again favorably and liberally construed by the courts of the state. The right, however, must not be allowed to defeat the statutes of limitation nor should the statutes of limitation be allowed to defeat the right to amend. Under the pretext of amending his complaint, a plaintiff may not state a new or different cause of action from the one originally stated and thereby avoid the running of the statute. *Kunselman* v. *Southern Pac. R. Co.,* 33 Ariz. 250, 263 Pac. 939. In this case we held that the plaintiff could not after the running of limitation change his cause of action from one on open account to one on a stated account, for the reason that the amendment was not of the original cause but a statement of a new and different cause of action. We have uniformly held, beginning with *Boudreaux* v. *Tucson Gas, Electric Light & Power Co.,* 13 Ariz. 361, 114 Pac. 547, 33 L. R. A. (N. S.) 196, that amendments amplifying, explaining or supplying omitted facts of the original cause of action were permissible, and under the doctrine of relation should be treated as having been made at the date of the filing of the original complaint. *Mitchell* v. *Vulture Min. & Mill. Co.,* 47 Ariz. 249, 55 Pac. (2d) 636; *Bryan* v. *Inspiration Cons. Copper Co.,* 23 Ariz. 541, 205 Pac. 904; *Kunselman* v. *Southern Pac. R. Co., supra; Gambrell* v. *McKean,* 28 Ariz. 427, 237 Pac. 196; *Hagenauer* v. *Detroit Copper Min. Co.,* 14 Ariz. 74, 124 Pac. 803, Ann. Cas. 1914C 1016; *Arizona Eastern R. Co.* v. *Old Dominion Copper etc. Co.,* 14 Ariz. 209, 127 Pac. 713. The facts in none of these cases parallel the facts of the present case but the amendments approved in them were in principle the same as the amendment we are

here considering: they amplified, explained and enlarged upon the facts originally stated. It is a misconception to say that the insertion in the amended complaint of the words "lot seven" is the statement of a new or different cause of action. One tort, and only one, is alleged in both complaints, and a single tort gives rise to one cause of action only. The amendment, at most, was the correcting of a defect in the complaint, the supplying of a description of an omitted piece of property.

The rule as to the right to amend and the effect thereof as declared by this court is so well restated in *Hovland* v. *Farmers' State Bank,* (8 Cir.) 10 Fed. (2d) 478, 482, that we quote it:

"It is well settled that the amended pleading must not set up a new cause of action. If this be so, then manifestly the allegations of the original pleading must be sufficiently specific to enable the court to identify the cause of action therein sought to be set up and to determine whether or not the original and amended pleading refer to the same cause of action. *Boudreaux* v. *Tucson Gas, E. L. & P. Co.,* 13 Ariz. 361, 114 Pac. 547, 33 L. R. A. (N. S.) 196; *Arizona Eastern R. Co.* v. *Old Dominion Copper M. & S. Co.,* 14 Ariz. 209, 127 Pac. 713; *Hagenauer* v. *Detroit C. M. Co.,* 14 Ariz. 74, 124 Pac. 803, Ann. Cas. 1914C, 1016.

"On the other hand, if the original pleading is sufficiently specific to identify the cause of action, however defective and imperfect it may be, and it appears that the amended pleading introduces no new cause of action, but merely enlarges, amplifies, or makes more definite and certain the allegations of the original pleading with reference to the same cause of action, then the amended pleading ought to relate back to the date of the filing of the original pleading."

See, also, *Claudon* v. *Illinois State Sav. Bank,* (7 Cir.) 73 Fed. (2d) 876.

We held in *Mitchell* v. *Vulture Min. & Mill. Co.,* *supra,* that an amendment of the complaint to allege a

breach of the contract not declared upon in the original complaint was not a departure from the original cause of action or the statement of a new or different cause of action. In that case we took a very broad view of the law allowing parties to amend their pleadings and held it was meant to secure trials of cases on their merits and that, so long as any considerable part of the cause of action stated in the original complaint was retained and reasserted in the amended complaint, it would prevent the running of the statute of limitations. The rule there announced certainly covers the present fact situation.

The judgment of the lower court is reversed and the cause remanded with directions that the demurrer and the plea in bar be overruled.

McALISTER, C. J., and LOCKWOOD, J., concur.