255 P.2d 683

## FITZHUGH v. PLANT et al.
### No. 5623.

Supreme Court of New Mexico.

April 6, 1953.

Garland & Sanders, Las Cruces, for appellant.

J. Benson Newell, Las Cruces, for appellees.

COMPTON, Justice.

The appeal is from an order granting summary judgment. The questions presented are (a) whether a creditor may invoke equity without first reducing his claims to judgment, and (b) whether the court erred in denying a motion to amend the pleadings.

Originally, appellant instituted this proceeding against James C. Plant alone in an action at law to recover damages sounding in tort. Thereafter, he filed an amended complaint to set aside a conveyance of real estate theretofore made from Plant to appellee, Grace Eldridge, on the ground that the same was made for the purpose of

defrauding the creditors of the grantor, particularly appellant. The conveyance is admitted. All other material allegations are denied. Thereupon, appellee, Grace Eldridge, moved for summary judgment and from an order granting the same, appellant appeals.

■ In Early Times Distillery Company v. Zeiger, 9 N.M. 31, 49 P. 723, this court in discussing the rights of general creditors to equitable relief said:

"Stated as a general proposition, there can be no doubt that the well-settled rule is that if the creditor has a legal remedy, which is plain, adequate, and complete, he must exhaust that remedy before he will be allowed admission into a court of equity. He should proceed upon the law side of the court, obtain his judgment, and have execution returned thereon unsatisfied, as a condition precedent to enable him to attack, by a bill in chancery, the fraudulent conveyance of his debtor. While this position is true, it is also well settled, by a line of authorities equally convincing and controlling, that if the remedy at law is not plain, adequate, and complete, or if the creditor has a trust in his favor, then, in either event, he is not required to go first into a court of law, but may apply in the first instance to a court of equity for relief. The fact that the remedy at

law may have been exhausted, or that it is wholly inadequate and incomplete, may be, and is, clearly and conclusively shown by the judgment, execution, and return of nulla bona. The judgment, execution, and return are but the best evidence of these facts; but they are not the only method or the only evidence by which it may be shown that the remedy at law is wholly inadequate and incomplete. If the bill upon its face contains such allegations of fact that the court is enabled to see that there is no remedy at common law, or that the remedy at law is wholly inadequate and incomplete, or if the allegations of the bill show that the creditor has or claims a trust in his favor, or is seeking to establish his claim as against the trust property, and that the relief can only be made available in a court of chancery, then, upon such a case being made by the bill, the court will not require him in the first instance to hazard his chances of recovery by a useless expenditure of time in obtaining an empty judgment and fruitless execution, as a condition precedent to entertaining his bill. * * *"

Again in Grunsfeld Bros. v. Brownell, 12 N.M. 192, 76 P. 310, 311, it was held:

"The other objections that the plaintiffs are not judgment creditors of the defendant D. R. Brownell has been

passed upon by this court in an able and exhaustive opinion written by the late Judge Hamilton in the year 1897. In that case the ground of attack made upon the bill of complaint, which sought to set aside a conveyance of property, was that the complainants were simply general, and not judgment creditors, and that a general creditor will not be heard in a court of equity to attack and set aside a fraudulent conveyance made by his debtor until he has first obtained a judgment. But our Supreme Court held otherwise, and although the demurrer interposed in the lower court which raised this question had been sustained, this court reversed that judgment, and remanded the case, with directions to the court below to overrule the demurrer. * * *"

Also see Fuqua v. Trego, 47 N.M. 34, 133 P.2d 344; Van Sickle v. Keck, 42 N.M. 450, 81 P.2d 707.

Appellee relies strongly upon Talbott v. Randall, 3 N.M., Gild, 367, 5 P. 533, and Wolcott v. Ashenfelter, 5 N.M. 442, 23 P. 780, 8 L.R.A. 691, in support of the proposition that judgment creditors only may avail themselves of equitable relief. We do not understand the cases to so hold. From a reading of those cases it appears that grounds for equitable relief were not alleged. If these cases are not to be thus distinguished, clearly, they are overruled by the cases cited.

Further, rule 18(b) our Rules of Civil Procedure, adopted from and identical with rule 18(b) of the Federal Rules, entitled "Joinder of Remedies-Fraudulent Conveyances", permits the joinder of both legal and equitable remedies. The rule, in part, reads:

"Whenever a claim is one heretofore cognizable only after another claim has been prosecuted to a conclusion the two claims may be joined in a single action * * *."

In construing its rule, the Federal Courts hold that a creditor may maintain an action to set aside a conveyance for fraud without first having obtained judgment. Keene v. Hale-Halsell Co., 5 Cir., 118 F.2d 332; Armour & Co. of Delaware v. B. F. Bailey, Inc., 5 Cir., 132 F.2d 386, 387. In the latter case the court says:

"Prior to the adoption of the rules of civil procedure, a creditor could not maintain an action to set aside a fraudulent conveyance in the federal court until he had reduced his claim to judgment. This rule was abrogated by rule 18(b) of the Federal Rules of Civil Procedure, 28 U.S.C.A. following section 723c, which provides that claims previously cognizable only after another claim had been prosecuted to a conclusion may be joined together in a

single action. By its express terms this rule contemplates a joinder of the action to set aside the conveyance with the action to establish the claim, the former being ancillary to and dependent upon the latter, and the debtor being an indispensable party. * * * "

Subsequent to the filing of the motion for summary judgment and prior to a ruling thereon, appellant moved the court for leave to amend the complaint by adding thereto section 7, which reads:

"That the transfer of the real estate described in Paragraph 6 above by defendant Plant to defendant Eldridge has left the defendant Plant insolvent, as plaintiff is informed and believes and therefore alleges, and was made by the said defendant Plant in contemplation of insolvency; and that, by reason thereof, any judgment obtained by plaintiff against the defendant Plant in this action, would be an empty judgment and that relief can only be made available to this plaintiff in a Court of equity without first reducing his action herein against defendant Plant to judgment; and that plaintiff has no adequate remedy at law as to said defendant Eldridge."

The motion was denied and the ruling of the court is assigned as error.

We think there was an abuse of discretion in denying appellant's motion. The proposed amendment also tendered grounds for equitable relief. The conveyance to appellee was without consideration and was made in contemplation of insolvency. In such case appellant is obviously without an adequate legal remedy. Rule 15(a) our rules, likewise adopted from the Federal Rules, says that liberality in amendments is encouraged and favored where no prejudice is suffered by the opposing party, and in this case we see none. Its concluding sentence reads, "leave shall be freely given when justice so requires." See McDowall v. Orr Felt & Blanket Co., 6 Cir., 146 F.2d 136, 137; Blair v. United States, for Use and Benefit of Gregory-Hogan, 8 Cir., 147 F.2d.840; Daniel v. City of Tucson, 52 Ariz. 142, 79 P.2d 516, 117 A.L.R. 1211.

It follows from what has been said, that the court erred in granting summary judgment and denying the motion to amend. The judgment will be reversed with direction to the trial court to vacate the order granting summary judgment, enter an order allowing the amendment, and proceed in a manner not inconsistent herewith, and it is so ordered.

SADLER, C. J., and McGHEE, COORS, and LUJAN, JJ., concur.