## Kennedy, Appellant, *v.* Knott.

*Negligence—Master and servant—Injury to third person—Liability of master—Unauthorized use of master's automobile.*

An owner of an automobile is not liable for the killing of a pedestrian run down by it, when the chauffeur, without the owner's knowledge, takes some of his own acquaintances out for a ride, although he intended, during the excursion, to procure lodging for himself in a strange city to which he had brought the owner.

Argued Jan. 23, 1919. Appeal, No. 212, Jan. T., 1919, by plaintiff, from judgment of C. P. No. 1, Philadelphia Co., March T., 1917, No. 4270, refusing to take off a nonsuit in the case of Anna Margaret L. Kennedy v. Agnes G. Knott. Before BROWN, C. J., STEWART, FRAZER, WALLING and SIMPSON, JJ. Affirmed.

Action in trespass to recover damages for death of plaintiff's husband. Before PATTERSON, J.

From the record it appeared that the plaintiff's husband was killed by an automobile belonging to defendant and operated by a chauffeur. On the day of the accident the defendant was a resident of New York City, and came to the City of Philadelphia in an automobile driven by her chauffeur. They arrived at a hotel about 5:30 o'clock in the evening. She then dismissed her chauffeur and told him to take the car and store it in a certain garage which was about one-half a square away, until ten or eleven o'clock next morning. She told the driver to get himself a room. He took the car and stored it for the night in the garage. After getting his supper he returned to the garage about 9 o'clock p. m. and there

met, among other persons, another chauffeur who asked him if he had a room for the night.. After some conversation he took the car with the intention of taking his acquaintance and others, for a drive, and of securing a room. About 11 o'clock p. m. he had an accident resulting in the killing of plaintiff's husband within a dozen blocks of the starting point.

The court directed a nonsuit which it subsequently refused to take off in the following opinion:

This nonsuit was entered because the evidence of the plaintiff showed that the chauffeur of the defendant was not engaged in the defendant's business at the time of the accident. We concur in the ruling and the motion to take off nonsuit is dismissed.

*Error assigned* was refusal to take off the nonsuit.

*Robert T. McCracken,* with him *Roberts, Montgomery & McKeehan,* for appellant.

*Harry S. Ambler, Jr.,* for appellee.
PER CURIAM, February 17, 1919:

This judgment is affirmed on the opinion of the court below dismissing the motion to take off the nonsuit.