[Civil No. 2470.   Filed June 2, 1926.]

[246 Pac. 546.]

# THOMAS D. JOHNSTON, Appellant, v. WALTER B. HARE, Appellee.

1. AUTOMOBILES—OWNER HELD NOT LIABLE FOR NEGLIGENCE OF DRIVER APPROPRIATING AUTOMOBILE FOR OWN USE.—Where driver, whose agency for owner was limited to taking automobile back to the garage, appropriated car for errand of his own and for his own pleasure and business, his agency ceased, and owner was not thereafter liable for driver's negligence.

2. PRINCIPAL AND AGENT.—Principal is liable only for such torts of his agents as are committed while agent is acting within limits of his agency.

3. AUTOMOBILES—FAMILY CAR DOCTRINE HELD NOT TO APPLY TO AUTOMOBILE DRIVEN BY OWNER'S COUSIN FOR COUSIN'S OWN PLEASURE AND BUSINESS.—Rule making owner of family car liable for torts of members of his family, while operating automobile, *held* not to apply to car driven by owner's cousin on cousin's personal business and pleasure.

4. AUTOMOBILES—EVIDENCE HELD TO SHOW OWNER'S COUSIN WAS USING AUTOMOBILE FOR OWN PLEASURE.—Evidence *held* to show that cousin, instructed to drive owner's automobile to garage, was using car for personal pleasure at time of accident.

1. Liability of owner for injuries by automobile while being used by a servant or a third person for his own business or pleasure, see notes in 1 L. R. A. (N. S.) 215; 9 L. R. A. (N. S.) 1035; 14 L. R. A. (N. S.) 216; 21 A. L. R. 93; 26 L. R. A. (N. S.) 382; 33 L. R. A. (N. S.) 79; 37 L. R. A. (N. S.) 834; 47 L. R. A. (N. S.) 662; L. R. A. 1916A 957; 22 A. L. R. 1397; 45 A. L. R. 477; 50 A. L. R. 1450. See, also, 2 R. C. L. 1198.

Liability of owner for act of driver other than servant or child, see notes in Ann. Cas. 1916A 668; Ann. Cas. 1917E 228.

Liability of owner for acts of negligence of chauffeur or agent, see notes in 10 Ann. Cas. 732; 12 Ann. Cas. 972; Ann. Cas. 1914C, 1087; Ann. Cas. 1915D 476; Ann. Cas. 1916A 659; Ann. Cas. 1917D 1001, 1008; Ann. Cas. 1918D 241, 1134.

3. Liability of owner under "family purpose" doctrine for injuries by automobile while being used by member of his family, see notes in 5 A. L. R. 222; 10 A. L. R. 1450; 19 A. L. R. 387; 20 A. L. R. 1469; 23 A. L. R. 620; 32 A. L. R. 1504; 50 A. L. R. 1512.

5. AUTOMOBILES—ADMISSION HELD INSUFFICIENT TO SHOW AGENCY OF AUTOMOBILE DRIVER.—Statement in defendant's letter after accident that his cousin, the driver of his car at the time of collision with plaintiff's car, was under his care and charge *held* not an admission of agency at time of accident, where evidence showed cousin to be living independently.

6. APPEAL AND ERROR.—Plaintiff appealing from an adverse judgment is under duty to abstract the evidence on disputed questions.

See (1) 28 Cyc., p. 39, n. 33.　(2) 2 C. J., p. 851, n. 34.　(3) 28 Cyc., p. 39, n. 36.　(4) 28 Cyc., p. 47, n. 20.　(5) 28 Cyc., p. 47, n. 20.　(6) 4 C. J., p. 387, n. 33.

APPEAL from a judgment of the Superior Court of the County of Maricopa. M. T. Phelps, Judge. Affirmed.

Mr. F. L. Zimmerman, for Appellant.

Messrs. Alexander & Christy and Mr. Hess Seaman, for Appellee.

ROSS, J.—This action grows out of an automobile accident which each party claims was occasioned by the negligence of the other. It was brought by Johnston as plaintiff to recover damages for personal injuries, and defendant, Hare, answered, denying negligence on his part, and cross-complained, alleging that the accident was due to plaintiff's negligent operation of his Chevrolet truck, and asked for damages for injuries to defendant's Jordan touring car.

The case was tried to a jury, and upon its close defendant moved for an instructed verdict, upon the grounds hereinafter set out, which motion was granted. Under instructions of the court as to the law, the jury, after deliberation, returned a verdict against defendant on his cross-complaint. Neither recovered any damages against the other.

The plaintiff has appealed from the order directing a verdict against him and from the judgment thereon, and has assigned such order and judgment as error.

The complaint alleges that at the time of the accident, to wit, December 27, 1924, defendant's car was being driven by "Roy F. Sanders, a relative and minor of the defendant, then and there under his supervision, control, and custody, . . . and was being used for the business or pleasure of said defendant, by his direction, authority, and knowledge. . . . "

The motion for an instructed verdict challenged the sufficiency of the evidence to establish the above allegation. Among other things the motion asserted:

"That the undisputed evidence shows that Roy Sanders was driving the automobile of defendant at the time the collision occurred for his own business, purpose, and pleasure, and not on any purpose, business, or pleasure of this defendant, and without the knowledge, direction, or authority of this defendant, and against the express order and direction of this defendant, and there are no facts in the record from which the acts of said Roy F. Sanders can be imputed to this defendant."

The evidence is to the effect that defendant and Sanders are second cousins, and were living in widely different parts of the city of Phoenix, the defendant at the Arizona Club and Sanders at a rooming-house at 373 North Second Avenue. Sanders came to Phoenix in September, 1924; he was twenty years old and in poor health. Defendant, who had lived in Phoenix for some years, introduced Sanders into his circle of friends and acquaintances, assisted him in making proper social and church connections, and extended to him many courtesies and kindnesses, evidently because of their kinship. Defendant was much older than Sanders. He invited Sanders to dine at the Arizona Club occasionally, frequently took him for rides in his automobile, and had at times sent Sanders, who was an experienced driver, to the garage to get the car when they were going for a ride, and had also at times had him return the car

to the garage. On the evening of December 27th the two of them had gone to the Rialto Theater in the car, and after the show had driven to the Bear Drug Store, at the corner of Washington Street and Second Avenue, for a drink of Coca-Cola. On coming out of the drug-store defendant, stating that he would walk to the Club asked Sanders to take the car to the garage, a distance in a direct line of one and one-half blocks, but to get to which, as the car was parked, it was necessary to go three and one-half blocks to comply with the law of the road. Sanders started as directed to return the car to the garage, but instead of doing so he proceeded to go to the home of a friend on North Seventh Avenue, some thirteen blocks away from garage, and while driving west on McKinley Street, at the junction of Sixth Avenue, collided with plaintiff's car. After the accident defendant wrote plaintiff demanding that the latter make good to him his damages to car, and, among other things, left the inference that if plaintiff failed to do so Sanders would sue him for personal injuries sustained in the accident, and stated that Sanders was a minor under his "care and charge."

This constitutes the evidence submitted by plaintiff to establish his allegation that defendant, acting by and through his agent, to wit, Sanders, negligently operated his car to plaintiff's injury.

If Sanders at the time of the accident was defendant's agent, defendant would be liable for any injury negligently inflicted by him upon one exercising due care. But, under all the evidence, Sanders' agency was limited to taking defendant's car back to the garage. When he failed to do that and instead appropriated the car to go on an errand of his own, for his own pleasure and business, his agency ceased, and he no longer was acting for defendant.

It is fundamental that a principal is not liable for all torts of his agent, but only for those committed while the agent is acting within the limits of his agency. The facts here do not call for a relaxation or modification of this rule. The defendant's car was not a family car, and cousinship does not make one of the cousins liable for the tort of the other. Therefore the rule adopted in some jurisdictions of making the owner of a family car liable for the torts of members of his family committed while operating the car, upon the theory that such members are his servants or agents, has no application. Neither can it be presumed that Sanders drove defendant's car to McKinley Street and Sixth Avenue with the consent, knowledge or authority of defendant, when all the evidence is to the effect that he was delegated by defendant to take it to the garage; or that Sanders was using the car at the time of the accident for the business, purpose, or pleasure of defendant, when all the evidence is that he was using it for his personal pleasure.

The following cases hold that if the owner directs the chauffeur to take his automobile to garage the owner will not be liable for torts committed by the chauffeur who disobeys such directions and causes injury while using car for his own pleasure or business: *Der Ohannessian* v. *Elliott,* 233 N. Y. 326, 135 N. E. 518; *Symington* v. *Sipes,* 121 Md. 313, 47 L. R. A. (N. S.) 662, 88 Atl. 134; *Kennedy* v. *Knott,* 264 Pa. 26, 107 Atl. 390; *Savage* v. *Donovan,* 118 Wash. 692, 204 Pac. 805. See, also, *Fisher* v. *Fletcher,* 191 Ind. 529, 22 A. L. R. 1392, and note, 133 N. E. 834.

Plaintiff's contention that the statement in defendant's letter that Sanders was under his ''care and charge'' is an admission of agency at the time of the accident, and sufficient to send the case to the jury, is without merit, because the evidence is to the con-

trary.  Sanders, according to the evidence paid his own living expenses, lived in a different house, and was not employed by defendant.  It is obvious that the purpose of such statement was to inform plaintiff that unless he settled the damages to plaintiff's car the latter would cause Sanders to sue for personal injuries.

We are of the opinion that the court did not err in directing the jury to return a verdict against the plaintiff upon the grounds contained in the motion.

We wish to state that we do not approve of plaintiff's neglect or failure to abstract the evidence upon the question of agency.  Under our rules and the law it is the plain duty of the plaintiff to furnish the court an abstract of the evidence.  Just why this duty was neglected we do not understand.  We were, however, aided in that respect by the defendant, who filed a supplemental abstract from which we culled the facts stated in the opinion.

The judgment of the lower court is affirmed.

McALISTER, C. J., and LOCKWOOD, J., concur.