[Civil No. 3442.   Filed October 4, 1934.]

[36 Pac. (2d) 256.]

JOHN W. WELCH, Appellant, v. UNITED MU-
TUAL BENEFIT ASSOCIATION, a Corpora-
tion, Appellee.

Messrs. Favour & Baker and Mr. A. M. Crawford,
for Appellant.

Mr. J. E. Russell, for Appellee.

LOCKWOOD, J.—John W. Welch, hereinafter
called plaintiff, brought suit against United Mutual
Benefit Association, a corporation, hereinafter called
defendant, to recover on two life insurance policies
issued by the latter in which the former was named
as beneficiary.  The case was tried to a jury, which
returned a verdict in favor of plaintiff, and de-
fendant thereafter moved for a judgment *non ob-
stante veredicto*.  The motion is quite lengthy; but
it is, in substance, based on the ground that the
evidence does not support the verdict.  The trial
court, after due consideration, granted the motion,
whereupon this appeal was taken.

There are two questions only presented for our consideration. The first is whether under our system of procedure the superior courts have jurisdiction to render a judgment *non obstante veredicto.* Counsel for defendant have cited numerous cases on this point. Were the question an open one in this jurisdiction, a strong argument might be made in support of the wisdom of permitting such action. Courts are reluctant to instruct a verdict, and, in the hurry of a contested trial, unless it is so clear a motion for an instructed verdict should be granted that no reasonable argument to the contrary can be made, are very apt to deny such motion, when a later and more deliberate consideration of the evidence makes it evident that the motion should have been granted. Under such circumstances, it does seem rather useless to summon a new jury and go through the formalities of a new trial when all parties know there can be but one result, which would be reached with much less waste of time and money by granting a motion for judgment *non obstante veredicto.* But this court has held specifically and emphatically, in *Bryan* v. *Inspiration Consolidated Copper Co.,* 23 Ariz. 541, 205 Pac. 904, 909, that:

"In the absence of a statute permitting it, a court may not render judgment notwithstanding the verdict merely because it deems the verdict unsupported by the evidence."

The case of *Fornara* v. *Wolpe,* 26 Ariz. 383, 226 Pac. 203, is not in conflict with that holding. In the case last cited the general verdict was for the plaintiff and there was no issue as to the amount, if plaintiff were entitled to recover at all. We held that the insertion by the jury of the wrong amount was a mere irregularity, such as should not cause a reversal of the case under paragraph 423, Revised

Statutes of Arizona 1913 (now Rev. Code 1928, § 3741), which is substantially a legislative repetition of article 6, section 22, of the Constitution. Indeed, defendant's most serious contention is based on this section of the Constitution. He urges that since the identical result reached by the trial court under its present judgment must necessarily result from a new trial, the error did not affect the substantial rights of the parties.

This court has been as liberal in applying the doctrine of harmless error as any in the country; but, as we said in *Kingsbury* v. *State,* 28 Ariz. 86, 235 Pac. 140, we think there is a limit beyond which we should not go. When the error is not merely an improper exercise of jurisdiction, but a lack of jurisdiction to act, we think article 6, section 22, *supra,* does not apply.

The judgment is reversed and the case remanded, with instructions to render judgment on the verdict, and for such further proceedings thereafter as may be authorized by law.

ROSS, C. J., and McALISTER, J., concur.