*Southern Division*

## GENERAL DISTRIBUTING CO., INC.
### v.
## JANICE H. ANDERSON

*Present:* Nash, P. J., Cox and Callan, JJ.

Case tried to *Casey, J.,* in the District Court of East Norfolk. No. 6490.

*Callan, J.* The only question in this action of tort in which the plaintiff seeks to recover .compensation for property damage sustained in consequence of a collision with another car is whether at the time of the accident there was a bailment of the car owned by the plaintiff and operated by one Kaites.

This case was tried with a companion case which Mr. Kaites brought against the defendant. Kaites at the time of the accident was the operator of the plaintiff's vehicle. The judge found negligence on the part of both the defendant and the driver. This case went to final judgment. In the present case the judge found for the plaintiff. Requests for rulings duly filed by the plaintiff were not acted on. A motion for a new trial was filed by the defendant and also a request for a report to the Appellate Division. At the hearing of the motion for a new trial the plaintiff filed the following request for ruling:—

"The relationship between the operator of the plaintiff's car and the plaintiff was that of bailor and bailee."

By its allowance the defendant claims to be aggrieved. It was conceded that there was negligence on the part of the defendant and operator of the plaintiff's car.

So far as the relationship between the plaintiff and Kaites is concerned there was evidence that Kaites was the sole stockholder of the plaintiff corporation; that every night after work Mr. Kaites drove the plaintiff's

car involved in the accident to his home and returned it every morning to work to be used by the corporation in its business. On the day in question Kaites took his wife and child in the car to the Logan Airport, *which had nothing to do with the plaintiff's business* and was then returning to his place of business and to work when the accident happened. There was also evidence that from time to time, other employees of the plaintiff had used this car and that Kaites had a family car in no way connected with the plaintiff corporation.

If there was a bailment in this case both the bailor and the bailee have the right to sue for the entire damage to the bailed automobile. *Associates Discount Corporation v. Gillineau,* 322 Mass. 490; *Belli v. Forsyth,* 301 Mass. 203.

As stated in the case of *Morris Plan Co. v. Hillcrest Farm Dairy, Inc.,* 323 Mass. 452: "It was settled by *Nash v. Lang* that a bailor who is not negligent and is not bound by the negligence of an agent can recover from a third person for damage to the property bailed caused by the concurring negligence of the bailee and the third person, and that in such a case the negligence of the bailee is not imputed to the bailor." A bailment is essentially a consensual transaction arising out of a contract express or implied. *Stuart v. D. N. Kelley & Son, Inc.,* 331 Mass. 76 and the delivery of a chattel in bailment apart from specific stipulations confers upon the bailee the right to use and enjoy possession

free from control by the bailor, subject to the obligation to do so with care. *Nash v. Lang,* 268 Mass. 407.

The defendant contends that the driver, Kaites, was in the employment of the plaintiff at the time the accident happened and then acting within the scope of his employment. There is no evidence, however, as to the agreement of employment between the plaintiff and Kaites, or the arrangement as to the use of the car. If a master supplies a servant with a vehicle in order that the servant may go to and from work, it is important to ascertain whether the vehicle is supplied primarily for the purpose of assisting the master's work or for the purpose of assisting the employee to perform what is essentially his own duty in getting to and from work. Restatement of the Law — Agency, §229. A servant who has temporarily departed in space or time from the scope of employment does not reenter it until he is again reasonably near the authorized space and time limits and is acting with the intention of serving his master's business. Restatement of the Law — Agency, §237. The mere fact that the driver's own business was over and that he intended to return to his employment or to use the instrumentality for the master's business does not cause him to be within the scope of employment. See *Fleischner v. Durgin,* 207 Mass. 435 in which case the driver "had only just commenced to return." See also *Cummings v. Republic Truck Co.,* 241 Mass. 292 where it could have been found

that the deviation from the master's business had ended.

The deviation from the regular course of travel of Kaites to the Logan Airport was so substantial and not in the interests of the plaintiff that the rule of respondent superior will not apply. *McCauley v. Steward,* 63 Ariz. 526; *McCarthy v. Timmons,* 176 Mass. 378; *Hartnett v. Gryzmish,* 218 Mass. 258; *Walsh v. Feinstein et al,* 251 Mass. 109; *Lemarier v. A. Towle Co.,* 94 N. H. 246.

We perceive no prejudicial error and the report is ordered dismissed.

*So ordered.*

Theodore Anastos, for the Plaintiff.

Daniel L. O'Donnel of South Weymouth, for the Defendant.